WILLIAM MEEKLE, Plaintiff-Respondent v. 110 GLEN STREET REALTY CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent.

150 GLEN STREET CORPORATION, Third-Party Defendant-Respondent-Appellant. (Two appeals.)

Third Department, November 18, 1953.

*J. Clarence Herlihy* and *Henry J. Metzner* for defendant and third-party plaintiff-appellant-respondent.

*John J. Carusone* and *Louis M. Carusone* for third-party defendant-respondent-appellant.

*Charles S. Ringwood* for plaintiff-respondent.

HALPERN, J. This litigation arises out of a fire which occurred at the Towers Hotel, Glens Falls, New York, on February 22, 1950. The plaintiff, a chef employed by the lessee of the hotel, the 150 Glen Street Corporation, was injured as a result of the fire. He brought the original action against the 110 Glen Street Realty Corp., a corporation which owned the premises and leased them to the other corporation. Thereafter, the original defendant served a third-party complaint upon the lessee corporation, seeking recovery over for any damages for which it might be held liable in the original action.

The third-party defendant moved to dismiss the third-party complaint. This motion was denied; an appeal was taken from the denial but the appeal was subsequently abandoned. After the third-party defendant interposed its answer, the third-party plaintiff moved to strike out certain parts of the answer. This motion was, in part, granted and the appeal by the third-party defendant from that order is the second of the above listed appeals.

During the pendency of that appeal, the plaintiff, feeling aggrieved because of the delay caused by the controversy between the third-party plaintiff and the third-party defendant, moved for an order severing that controversy from the main action. That order was granted and the first of the above-listed appeals is the appeal from that order.

Both in the interest of justice to the litigants and in the interest of the conservation of judicial time and the expediting of litigation, a claim over against a third party under section 193-a of the Civil Practice Act ought to be tried together with the main action, if it is possible to do so without prejudice to the plaintiff in the main action and if the added controversy does not unduly delay the trial of the main action. For this reason, upon the argument of the appeal from the order of severance, we suggested that the appeal by the third-party defendant also be argued during the term, in the hope that, upon the disposition of that appeal, no further controversy would remain between the third-party plaintiff and the third-party defendant which might further delay the trial of the action. The third-party defendant's appeal from the order striking out certain portions of its answer was accordingly argued later in the term.

We proceed to a consideration first of that appeal. Two portions of the answer were stricken out. One consisted of a denial of the allegation that the plaintiff in the original action was an employee of the third-party defendant, at the time that he was injured. That he was an employee at that time has been conclusively adjudicated in the workmen's compensation proceeding brought by him. It was there found, partly upon the basis of the testimony of the third-party defendant's own president, that the original plaintiff had been injured in the course of his employment by the third-party defendant, and a workmen's compensation award was accordingly made. Insofar as the plaintiff's employment by the third-party defendant may be relevant in the present litigation as bearing upon the duty of care owing to the plaintiff,

that fact was conclusively established, as to the third-party defendant, by the compensation award. (*Ogino* v. *Black*, 278 App. Div. 146, affd. 304 N. Y. 872.) The portion of the third-party defendant's answer, denying that the plaintiff was its employee at the time that he was injured, was therefore properly stricken out as sham.

The third-party defendant also set up in its answer an elaborate affirmative defense alleging that it had procured public liability insurance from the Massachusetts Bonding and Insurance Company covering the leased premises, insuring both the lessor and the lessee in an amount greater than that required by the lease and that this fully satisfied any obligation on the part of the lessee to indemnify the lessor. However, the lease, a copy of which is annexed to the third-party defendant's answer, contains a provision, in addition to the provision requiring the obtaining of public liability insurance, that " The Tenant shall comply with all applicable laws and ordinances relating to health, nuisances and fire and save the Landlord harmless from non-compliance with the same." The third-party complaint alleges that the lessee corporation had violated section 205 of the General Business Law of New York in that it had failed to place or cause to be placed a rope or other better appliance to be used as a fire escape in each room of the hotel and, more particularly, in the room occupied by the plaintiff and, in other respects, had failed to comply with the statute and that this statutory violation was one of the causes of the plaintiff's injury. Common-law negligence on the part of the lessee corporation is also alleged. It has already been held, by the order denying the motion to dismiss the third-party complaint, the appeal from which was abandoned, that if a recovery is had in the original action against the lessor, it will or may be entitled to indemnity from the lessee. Apart from the provisions of the lease, the lessee may be held liable to the lessor, under the general principle of indemnity in tort actions, for any liability to which the lessor may be subjected by reason of the lessee's breach of its primary obligation to exercise care and to comply with all relevant statutes while in occupation of the premises.

The lessee's obligation to indemnify the lessor was not discharged or satisfied in advance by the procuring of public liability insurance in accordance with one of the specific requirements of the lease. The fact that the lessee had procured and paid for the policy does not preclude the lessor,

or the insurance carrier as its subrogee, from seeking to recover indemnity from the lessee for any liability incurred by reason of the lessee's primary wrongdoing. The procuring of the insurance was not a voluntary act on the part of the lessee; the lessee was required by the terms of the lease to procure and pay for insurance for the benefit of the lessor. The lessee, by performing its obligation under the insurance clause of the lease, did not acquire any immunity from liability for the consequence of its own wrongdoing. The situation is substantially the same as if the lease had provided that the lessor had the right to procure public liability insurance in a specified amount for its own benefit and to require the tenant to pay an amount equivalent to the premium as additional rent. The insurance policy is a personal contract between the lessor and the insurance company. The existence of the policy does not constitute a defense to the claim for indemnity.

Neither does the fact that the third-party defendant was named in the policy as one of the insured persons, in addition to the third-party plaintiff, have any bearing upon the present litigation. The naming of the third-party defendant as one of the insured persons in the public liability policy was not required by, or provided for, in the lease. It has no relevance in the consideration of the liability of the third-party defendant in this action. The rights of the third-party defendant, by virtue of being named as one of the insured persons under the policy, may be tried out in subsequent litigation between it and the public liability insurance carrier. We are told that the public liability insurance policy excludes liability for injury to employees who were injured in the course of their employment, and that therefore the public liability insurance carrier will not be responsible for the amount of any recovery over in this case against the third-party defendant. It is claimed that the workmen's compensation insurance carrier will be liable for the amount of that recovery under the provision of its policy insuring the third-party defendant against common-law liability for injuries to its employees (see *Cardinal* v. *State of New York,* 304 N. Y. 400). The controversy may turn out, in the end, to be a controversy between the public liability insurance carrier and the workmen's compensation insurance carrier but that controversy has no place in the present litigation. It may also be noted that the question of whether the original plaintiff was injured in the course of his employment by the third-party defendant, within the meaning

of the exclusionary provision of the public liability insurance policy, will not necessarily be determined in the present litigation. The order striking out the affirmative defense as insufficient in law was correct and should be affirmed.

We turn now to the appeal from the order granting a severance of the original action from the third-party controversy. That procedural motions and appeals with respect to the third-party controversy have caused some delay in the past is unquestionable. At the time when the motion for a severance was made, further delay of indefinite duration seemed to be in prospect and the order granting the severance was undoubtedly correct in the situation which existed at that time. However, with the appeal by the third-party defendant from the order striking out parts of its answer out of the way, we seem to have come to the end of the road of procedural moves in the third-party controversy and there appears now to be no prospect of further delay growing out of that controversy.

The order severing the third-party action from the original action should therefore be reversed and the motion for severance denied, without costs and the order striking out certain portions of the third-party defendant's answer should be affirmed, with costs to the third-party plaintiff against the third-party defendant.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Order severing the third-party action from the original action reversed, and the motion for severance denied, without costs; and the order striking out certain portions of the third-party defendant's answer affirmed, with $10 costs to the third-party plaintiff against the third-party defendant.