■ KATHLEEN P. O'MARA, Respondent, v ANTHONY J. MAIDA et al., Defendants and Third-Party Plaintiffs-Appellants. REUBEN HOPPENSTEIN, Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, the defendants and third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated February 23, 1983, as granted that branch of third-party defendant's motion which sought to sever the third-party action. Order reversed, insofar as appealed from, without costs or disbursements, and the motion of the third-party defendant is denied in its entirety. Although the third-party defendant asserted on his motion to dismiss or, in the alternative, to sever the third-party suit, that the action was instituted belatedly and that time was required for discovery proceedings, the record establishes that the third-party defendant had been furnished with considerable information by the time his motion was made. Further, approximately one year has elapsed since the third-party suit was instituted on November 29, 1982 and the ensuing period of time has afforded the third-party defendant ample time for further discovery proceedings. Under all the circumstances, we conclude that the order should be reversed, insofar as appealed from, and severance denied (see *Merkle v 110 Glen St. Realty Corp.*, 282 App Div 617). Mollen, P. J., Mangano, Thompson and Boyers, JJ., concur.