lant-respondent for a preference in the hearing of his appeal and for other relief denied. On the court's own motion, appeal and cross appeal dismissed, without costs. The judgment appealed from is intermediate and no appeal lies as of right from such judgment (cf. *Matter of Soros* v. *Board of Appeals of Vil. of Southampton,* 24 A D 2d 705, 706). Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

■ In the Matter of MYRON STEINBERG, Appellant, v. TOWN BOARD OF THE TOWN OF OYSTER BAY, Respondent.— Motion by appellant for a preference in the hearing of the appeal and for other relief denied. On the court's own motion, appeal dismissed, without costs. The judgment appealed from is intermediate and no appeal lies as of right from such judgment (cf. *Matter of Soros* v. *Board of Appeals of Vil. of Southampton,* 24 A D 2d 705, 706). Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.

## (January 6, 1967)

■ JOSE ALFARO, Respondent, v. PAN AMERICAN WORLD AIRWAYS, INC., HANGAR 14, J F K AIRPORT, Defendant. PAN AMERICAN WORLD AIRWAYS, INC., Third-Party Plaintiff-Respondent, v. JEROME MOREY et al., Third-Party Defendants-Appellants.— Order of the Supreme Court, Kings County, dated November 1, 1966, modified (1) by striking therefrom all the ordering provisions except the last and (2) by substituting therefor provisions (a) granting plaintiff's motion for a severance and a separate trial of the third-party action and for an immediate trial of the main action and (b) setting the main action down for trial at the head of the Ready Day Calendar on January 9, 1967. As so modified, order affirmed, insofar as appealed from, without costs and without prejudice to a motion by the defendant third-party plaintiff and/or the third-party defendants for a vacatur of the severance and for other appropriate relief in the event that plaintiff die before the commencement of the trial of the main action and there has been no willful and undue delay by the third-party plaintiff and the third-party defendants in proceeding with the pretrial preliminaries in the third-party action (cf. *Merkle* v. *110 Glen St. Realty Corp.,* 282 App. Div. 617, 622). In our opinion, the denial of the motion for a severance and the limitation of time in which the third-party plaintiff and the third-party defendants could proceed with the pretrial proceedings in the third-party action were improvident exercises of discretion. It is evident that a denial of the motion for a severance would prejudice the right of plaintiff, who had previously obtained a preference in the main action, to an immediate trial. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of LEWIS ALLINSON and JULIUS M. GERZOF, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— On the court's own motion, the decision slip dated December 19, 1966 (27 A D 2d 553) is amended so that the fifth paragraph thereof shall read as follows: The findings of Allinson's guilt by the Referee with respect to Specifications B, D and G are amply supported by the evidence and are sustained. Beldock, P. J., Ughetta, Christ and Brennan, JJ., concur.

## (January 9, 1967)

■ D & E DEVELOPMENT CORP., Appellant-Respondent, v. PARKCHESTER CLOTHES CORP. et al., Respondents-Appellants.— Judgment of the Supreme Court, Queens County, dated April 13, 1966, reversed, on the law and the facts.

with costs to plaintiff; specific performance directed in favor of plaintiff, with adjustments to be made as of the date when title is transferred to plaintiff; counterclaim dismissed; and action remitted to Special Term for the making and entry of judgment accordingly. In our opinion the parties should be bound by their stipulation for specific performance made in open court. The stipulation should not have been set aside without a showing of good cause therefor (*Campbell* v. *Bussing*, 274 App. Div. 893). No good cause existed for relieving the parties of their stipulation; moreover, neither party made application to be relieved of the stipulation. Adjustments should be made as of the closing date when title is transferred to plaintiff. The counterclaim of defendants was properly dismissed by the trial court. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.