■ IRENE RAGEN et al., Respondents, v. CITY OF NEW YORK, Appellant, et al., Defendants.— Plaintiff, Irene Ragen, sustained personal injuries as a result of the alleged negligence of all the defendants in the maintenance of the roadway at 60th Lane, near its intersection with Myrtle Avenue in Queens County. At the point of the accident a transformer vault had been installed in the street by the defendants, Consolidated Edison (Con Ed) and Consolidated Telegraph and Electrical Subway Company (Con Tel). The complaint alleged in part: " That * * * while * * * Irene Ragen was traversing the roadway * * * she was caused to trip by reason of a broken portion of the pavement surrounding the steel frame of the subsurface or underground installation * * * sustaining injuries to her person ". On March 14, 1973, during the course of his opening statement in a trial involving the issue of liability only, plaintiff's attorney (in the presence of both his clients) moved to discontinue the action as against the City of New York, with prejudice and without interest, costs or disbursements. This motion, referred to by the trial court as a stipulation, because it was acquiesced in by the city's attorney, was objected to by the attorney for the codefendants. The court approved the stipulation and permitted the discontinuance. The trial then proceeded minus the city as a defendant. After all the testimony was in and summations had been delivered, the Trial Justice reversed himself. He stated that the testimony adduced had created a question as to the proximate cause of the accident and that he found it impossible to charge the jury as to the applicable law without the city as a party to the action. Therefore, sua sponte, he declared a mistrial and suggested that plaintiffs' attorney make a motion on notice to all parties to vacate the stipulation of discontinuance. The motion was accordingly made and granted. Defendant, the City of New York, appeals from an order of the Supreme Court, Queens County, dated September 7, 1973, which vacated the stipulation of discontinuance. Order reversed, with costs, and motion denied, without prejudice to any further proceedings in accordance with the following memorandum: The stipulation was " one made between counsel in open court " and so falls within the wording of CPLR 2104. A stipulation such as the one at bar is binding upon the parties and should not be disturbed absent " fraud, collusion, mistake, accident, or some other ground of the same nature ", although " the court has control over stipulations and power to relieve from the terms thereof when the parties can be placed in statu quo " (Campbell v. Bussing, 274 App. Div. 893). In order to determine the issue, there should be something more before the court than conflicting affidavits. Either a hearing should be held at Special Term before a different Judge, or a plenary action, equitable in nature, should be commenced to vacate the stipulation, as the parties may be advised. As to the latter course, see Yonkers Fur Dressing Co. v. Royal Ins. Co. (247 N. Y. 435). Although Con Ed and Con Tel are parties aggrieved by the trial court's order permitting the discontinuance of the action as against the city (Dole v. Dow Chem. Co., 30 N Y 2d 143), they did not appeal from the order permitting the discontinuance; nor are they parties to the present appeal. Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.