■ NATHAN RADO, Appellant, v LILLIAN RADO, Respondent.—In an action for divorce, plaintiff appeals from an order of the Supreme Court, Queens County, entered April 9, 1975, which (1) granted the defendant wife's motion to reopen the action, (2) vacated the inquest taken on January 29, 1975, (3) relieved her of a stipulation of settlement entered into in open court on the same date and (4) restored the action to the contested Matrimonial Calendar. Order reversed, without costs or disbursements, and motion denied. Plaintiff sued defendant for divorce based on a separation agreement executed by the parties in October, 1965. After numerous discussions, a stipulation of settlement was entered into between the parties in open court and, pursuant thereto, an inquest was taken. Defendant was at all times represented by competent counsel and, in response to the trial court's query, indicated that she understood the stipulation's terms and accepted it of her own free will. Two weeks later defendant moved to reopen the case on the ground that she was emotionally upset at the time the stipulation of settlement was entered into. Special Term granted the motion, stating "that the physical and psychological condition of the defendant on the day inquest was taken casts serious doubt on the providency of actions she then undertook." In our view, Special Term abused its discretion in granting defendant's motion. It has long been held that relief from a stipulation of settlement will be granted only upon a showing of good cause, such as collusion, mistake, accident, or a similar ground (see Ragen v City of New York, 45 AD2d 1046; Wilson v Wilson, 44 AD2d 667). The record herein indicates that defendant was represented by counsel and that she freely entered into the stipulation in open court. Plaintiff, in an affidavit submitted in opposition to the motion, concedes, and we rely upon that concession in

reversing, that the stipulation of settlement entered into by the parties is to be interpreted as follows: (a) that defendant was given "exclusive possession of the marital home until her demise, at which time she was given the option to whom her one-half share would go to" and (b) that "she was given the option to sell at any time" and was "entitled to receive two-thirds of the net proceeds of the house." Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.