■ ANTHONY MALLOZZI, Respondent-Appellant, v ROSE LEWIS et al., . Appellants-Respondents. (And Third-, Fourth-, Fifth- and Sixth-Party Titles.) —In an action *inter alia* for ejectment, (1) defendants appeal from a judgment of the Supreme Court, Kings County, dated November 19, 1975, which, after a nonjury trial, *inter alia,* decreed that plaintiff was entitled to the immediate possession of the subject premises and (2) plaintiff cross-appeals from so much of the said judgment as failed to award him damages. Judgment affirmed, without costs or disbursements. Defendants herein sought to establish that they were the equitable owners of the subject property. The trial court, which had an opportunity to observe the demeanor of the witnesses, concluded that the claim of equitable ownership was not established by clear, unequivocal and convincing evidence. We find no basis in the record on this appeal for disturbing that conclusion. As plaintiff failed to establish the measure of damages suffered, the denial of his request for damages was proper (see Real Property Actions and Proceedings Law, § 601). Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ ANNE MANOS, Respondent, v JAMES MANOS, Appellant.—In a matrimonial action, the defendant husband appeals (1) as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County, entered January 30, 1975, as, after a nonjury trial, directed him to pay (a) support in the amount of $110 a week and (b) a counsel fee and (2) from an order of the same court, entered November 5, 1975, which denied his motion, *inter alia,* to relieve him of the stipulation made at the trial by his attorney. Judgment insofar as appealed from and order affirmed, with one bill of costs to cover both appeals. The record on this appeal does not support defendant's contention that he was unaware of the full consequences of the action taken by his trial attorney. In fact during the trial he was specifically told of the consequences of his counsel's tactic by the Trial Judge. Accordingly, Special Term properly denied his motion to be relieved of the stipulation. We note that subsequent to the entry of the judgment, the support award was reduced by Special Term, upon motion of the defendant. Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.

■ NEWBURGH STEEL ERECTING CO., INC., Appellant, v ERMCO ERECTORS, INC., Respondent.—The attorney for the appellant has advised this court, by letter dated April 26, 1976, that the appeals from two orders of the Supreme Court, Dutchess County, entered June 5, 1975 and June 13, 1975, respectively, have been withdrawn on condition that the action be remanded to the Supreme Court, Dutchess County, for the purpose of modifying the said orders in accordance with a stipulation dated November 20, 1975. In accordance with the foregoing, the appeals are deemed withdrawn, without costs or disbursements, and it is ordered that the action is remanded to the Supreme Court in accordance with the above-mentioned stipulation. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.