■ RICHARD CITOWITZ et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) ALFRED BOLD et al., Respondents, v CITY OF NEW YORK et al., Defendants, and MOBIL OIL CORPORATION et al., Appellants. (Action No. 3.) (And Two Other Actions.)—In consolidated negligence actions to recover damages for personal injuries, etc., appellants, two of the defendants in Action No. 3, appeal from so much of an order of the Supreme Court, Queens County, dated June 17, 1976, as granted the branches of the motion of the plaintiffs in said action which sought leave to serve an amended complaint against them, containing a cause of action pursuant to section 205-a of the General Municipal Law. Order affirmed insofar as appealed from, with $50 costs and disbursements. The order granting leave to amend the complaint was a proper exercise of discretion. Such leave is freely given. Gulotta, P. J., Hopkins, Shapiro and Hawkins, JJ., concur.

■ RICHARD CITOWITZ et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) THOMAS J. KILKENNY et al., Respondents, v MOBIL OIL CORPORATION et al., Appellants. (And a Third-Party Title.) (Action No. 4.) (And Two Other Actions.)—In consolidated negligence actions to recover damages for personal injuries, etc., defendants in Action No. 4 appeal from so much of an order of the Supreme Court, Queens County, dated May 18, 1976, as granted the branch of the motion of the plaintiffs in said action which sought leave to serve an amended complaint containing a cause of action pursuant to section 205-a of the General Municipal Law. Order affirmed insofar as appealed from, with $50 costs and disbursements. The grant of leave to serve an amended complaint was a proper exercise of discretion. The order specifically and clearly states that Special Term did not pass upon the sufficiency of the complaint. Gulotta, P. J., Hopkins, Shapiro and Hawkins, JJ., concur.

■ RUTH DASTIN, Appellant, v NATHAN DASTIN, Respondent.—In a matrimonial action, plaintiff appeals from an order of the Supreme Court, Nassau County, dated June 3, 1975, which denied her motion to vacate a judgment of divorce or, in the alternative, to vacate a certain stipulation. Order affirmed, without costs or disbursements. Special Term correctly concluded that plaintiff failed to set forth grounds sufficient to warrant relief from the stipulation of settlement entered into by her in open court, with counsel present, and after the terms of the stipulation had been explained to her (see *Rado v Rado,* 51 AD2d 811; *Wilson v Wilson,* 44 AD2d 667; *Elyachar v Elyachar,* 43 AD2d 832, 833). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.