■ BREITMAN IRON WORKS, INC., Plaintiff, v T. L. RUBSAMEN & Co. INC., Respondent, and FRANK STORK, Appellant.—In an action to recover for

goods and materials sold and delivered, in which, *inter alia,* defendant T. L. Rubsamen & Co., Inc., cross-claimed against defendant Stork to recover damages for breach of contract, Stork appeals from an order of the Supreme Court, Suffolk County, dated February 9, 1976, which denied his motion to vacate a stipulation of settlement which was entered into on the record in open court. Order affirmed, with $50 costs and disbursements. Special Term correctly concluded that appellant failed to set forth any grounds sufficient to warrant vacating the stipulation of settlement entered into by him in open court, with his counsel present. After the stipulation was agreed upon and dictated into the record, appellant told the Trial Justice that he understood all the terms of the settlement "perfectly", and that he had no questions that he wished to ask of his attorney or of the court concerning any aspect of the settlement (see *Manos v Manos,* 52 AD2d 934; *Elyachar v Elyachar,* 43 AD2d 832; *Wilson v Wilson,* 44 AD2d 667). Hopkins, Acting P. J., Cohalan and Shapiro, JJ., concur; Suozzi, J., dissents and votes to reverse the order and grant the motion, with the following memorandum: The instant litigation arose out of an oral agreement entered into between defendant Stork and defendant Rubsamen whereby the latter agreed to build a new store for the former, to be contained in a shopping center, for $80,000. Thereafter, at a point when construction was approximately 15% complete, a dispute arose between the two as to the cost of the project. T. L. Rubsamen stated that the $80,000 price was wrong and that the actual cost of construction would be about $233,000. Stork rejected that price and had the job completed by other contractors at a total cost to Stork of approximately $105,000. Subsequently plaintiff, one of Rubsamen's suppliers, sued both defendants to recover for goods and material sold and delivered to the defendants. Each defendant served an answer containing a cross claim against the other. Rubsamen asserted three causes of action against Stork: (1) to recover $57,136.43 for breach of contract; (2) to recover $79,792.35 in *quantum meruit;* and (3) to foreclose a mechanic's lien for $79,792.35. Stork cross-claimed against Rubsamen to recover $65,000 for breach of the oral agreement to construct the store, and to recover $79,792.35, plus counsel fees, predicated upon Rubsamen's willful exaggeration of its mechanic's lien. Plaintiff's claim was eventually paid by Rubsamen and its cause of action was severed from the remaining claims involving the two defendants herein. On November 17, 1975 a settlement was entered into between the parties hereto, in open court, whereby Stork withdrew his counterclaim and agreed to pay Rubsamen the sum of $24,000 over the course of one year, in monthly installments of $2,000 each, without interest, commencing on January 1, 1976. The Justice presiding then imposed the following condition to the stipulation, when it stated: "The defendant, Frank Stork, represents that he is the sole owner of the property which is the subject of this lawsuit and that he agrees that he will not convey this property or mortgage this property without paying the balance of the monies due to T. L. Rubsamen Co., Inc., in full." Counsel for both parties agreed to this condition. Several days later, Stork's former counsel forwarded to Rubsamen's attorney a stipulation of settlement and discontinuance, together with a proposed cancellation of the mechanic's lien filed by Rubsamen. Rubsamen's attorney refused to execute the papers, claiming that the action was still pending and would so continue until the agreed $24,000 was paid in full; and that the mechanic's lien would remain on record until such time as full payment had been received. Stork then moved to vacate the stipulation, arguing, *inter alia,* through the affidavit of his former counsel, that Rubsamen's refusal to cancel the mechanic's lien and execute the stipulation of settlement and

discontinuance constituted a renunciation of the settlement that had been agreed upon. Rubsamen took the position (as is evidenced by its counsel's affidavit in opposition) that the stipulation of settlement did not require it to discharge the mechanic's lien before payment. The Special Term denied Stork's motion to vacate the stipulation of settlement on the ground that: "A settlement has the binding effect of a contract and will not be set aside on less grounds than would justify recission [sic] of a contract. No such grounds have been demonstrated herein." In my view, the Special Term erred in denying defendant Stork's motion. It is true that relief from a stipulation entered into in open court in the presence of the parties and their counsel will be granted only upon a showing of good cause, such as collusion, mistake, accident, or a similar ground (Rado v Rado, 51 AD2d 811; Ragen v City of New York, 45 AD2d 1046; Wilson v Wilson, 44 AD2d 667; D & E Dev. Corp. v Parkchester Clothes Corp., 27 AD2d 658). In my view, however, a mutual mistake was present in the case at bar. The clear implication of that part of the stipulation of settlement which provided that Stork would "not convey this property or mortgage this property without paying the balance of the monies due to" Rubsamen was that the mechanic's lien on the property would be canceled. In view of the fact that the defendants were not of one mind as to the meaning of this part of the stipulation, and in view of the fact that the parties could easily have been returned to the *status quo,* the motion to vacate the stipulation of settlement should have been granted. Furthermore, it should be noted that the total claims of the parties herein exceeded $200,000 and involved an oral contract to erect a small shopping center. However, no pretrial discovery and inspection proceedings were conducted by either party. Yet, the case was settled for the sum of $24,000 to be paid by Stork to Rubsamen. This fact, coupled with the uncontradicted indications in the record that Stork's former counsel was functioning under great stress and pressure at the time of the settlement, clearly present that unique situation wherein the court should exercise its equitable powers and, in the absence of a showing of prejudice to either side, grant the relief requested.