■ BREITMAN IRON WORKS, INC., Plaintiff, v T. L. RUBSAMEN & CO., INC., Respondent, and FRANK STORK, Appellant.—On the court's own motion, judgment of the Supreme Court, Suffolk County, entered March 3, 1977, summarily affirmed, without costs. The judgment appealed from was entered upon an order previously affirmed by this court *(Breitman Iron Works v Rubsamen & Co.,* 55 AD2d 632). Since no new issues are raised, an affirmance is mandated. Hopkins, J. P., Cohalan and Shapiro, JJ., concur; Suozzi, J., dissents and votes to reverse the judgment for the reasons stated in his dissenting memorandum in *Breitman Iron Works v Rubsamen & Co.* (55 AD2d 632, 633-634).

## (July 13, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GLORIA CUSANO, Respondent, v STANLEY LEONE, Respondent, and FRANK CUSANO, Appellant. —On the court's own motion, its decision dated July 11, 1977 (58 AD2d 846) is amended by adding the following to the first decretal paragraph "It is directed that custody of the children be immediately transferred to appellant Frank Cusano." Order dated July 11, 1977 entered on the decision is amended accordingly. Damiani, J. P., Titone, Hawkins and Mollen, JJ., concur.

## (July 15, 1977)

■ BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 2 EAST WILLISTON, TOWN OF NORTH HEMPSTEAD, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 2 EAST WILLISTON, TOWN OF NORTH HEMPSTEAD, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Renewed motion by respondent New York State Division of Human Rights to adjudge the petitioner in contempt for willful and wrongful failure and refusal to comply with and obey the order of this court dated June 25, 1973, in accordance with our order dated February 1, 1977. Motion granted. The board of education is in contempt of this court's orders dated June 25, 1973 and February 1, 1977 and commencing August 15, 1977 it is fined $50 a day for each and every day that it continues to be in noncompliance. The board of education may purge itself of the contempt by paying the five named teachers the amounts found to be due on or before August 14, 1977. We find that the board's objections to the nature of the information furnished by the teachers to enable the board to process their claims and the timeliness of said claims to be without merit. Hopkins, J. P., Martuscello, Damiani and Shapiro, JJ., concur.