758

■ SIDNEY J. STIBER, Appellant, v CHARLOTTE R. STIBER, Respondent.—
In an action for divorce, plaintiff appeals from an order of the Supreme
Court, Suffolk County, dated June 23, 1978, which granted defendant's
motion to (1) vacate the stipulation entered on the record on November 17,
1977, (2) recall the decision rendered pursuant to said stipulation, (3) restore
the action to the contested calendar and (4) serve an amended answer.
Order reversed, on the law, without costs or disbursements, and motion
denied. Plaintiff commenced this action for divorce in October, 1976. After
numerous discussions between the parties and their counsel, a stipulation of
settlement was entered into in open court. Defendant was at all times
represented by competent counsel and, in response to the court's query,
indicated that she understood and accepted the terms of the stipulation.
Almost three months later, defendant informed the court that she refused to
abide by the stipulation. No judgment was signed. In March, 1978 defendant
moved, *inter alia,* to vacate the stipulation on the ground that she had been
intimidated by her counsel into assenting to an inequitable financial settle-
ment. Special Term granted the motion. In our view, Special Term abused
its discretion in granting defendant's motion. Relief from a stipulation of
settlement should only be granted upon a showing of good cause, such as
collusion, mistake, accident or a similar ground (see *Ragen v City of New
York,* 45 AD2d 1046; *Wilson v Wilson,* 44 AD2d 667). The record herein
indicates that defendant was represented by competent counsel and as-
sented to the terms of the stipulation in open court. Her belated decision to
attack the stipulation is without "good cause" (see *Rado v Rado,* 51 AD2d
811). We also note that in granting the motion to vacate the stipulation of
settlement, Special Term asserted no reason therefor. Latham, J. P., Suozzi,
Gulotta, Shapiro and Cohalan, JJ., concur.

■ JOSETTE VANCHO et al., Respondents, v HARRY SILVER et al., Appel-
lants.—In a negligence action to recover damages for personal injuries, etc.,
defendants appeal, as limited by their brief, from so much of an order of the
Supreme Court, Kings County, dated January 12, 1978, as denied their
motion pursuant to CPLR 603 for a severance of plaintiffs' claims and for
separate trials thereof. Order affirmed insofar as appealed from, with $50
costs and disbursements. On this record, the denial of defendants' motion
was within the discretion conferred on the trial court by CPLR 603. Mollen,
P. J., Martuscello, Rabin and Gulotta, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Appellant, v UNSAFE
STRUCTURE NO. 142-11 130TH AVENUE, SOUTH OZONE PARK. WILBUR HAW-
KINS, Respondent.—Appeal by the City of New York from an order of the
Supreme Court, Queens County, dated July 19, 1977, which denied its
motion for an order declaring that the Borough Superintendent of the
Department of Buildings of the City of New York had substantially com-
plied with the terms of a conditional order of contempt of the same court,
dated September 2, 1976. Appeal dismissed, without costs or disbursements.
In view of this court's prior decision in this proceeding, which reversed the
conditional order of contempt against the Borough Superintendent, the issue
raised on this appeal is moot (see *Matter of City of New York v Unsafe
Structure No. 142-11 130th Ave., South Ozone Park,* 60 AD2d 630). How-
ever, for the sake of clarity and completeness, we now state that the city is
in substantial compliance with the original precept and has done all that
was required of it under the Administrative Code. Shapiro, J. P., Cohalan,
Margett and O'Connor, JJ., concur.