■  MARILYN REINFURT, Appellant, v EDWARD REINFURT, Respondent.— In an action for divorce, plaintiff appeals from so much of (1) an order of the Supreme Court, Suffolk County, dated June 30, 1978, as granted defendant's motion to vacate the stipulation entered on the record on May 15, 1978 to the extent that the action was restored to the Contested Calendar for consideration of the financial aspects thereof and (2) a further order of the same court, dated August 17, 1978, as, in denying her motion for leave to reargue, *sua sponte,* vacated certain decretal paragraphs of the judgment of divorce and directed that a trial be held on the issue of financial aspects only. Orders reversed insofar as appealed from, on the law, motion by defendant to vacate the stipulation is denied and the deleted portions of the judgment are reinstated. The plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. Plaintiff commenced this action for divorce in July, 1977. When the defendant allegedly failed to comply with an order granting plaintiff temporary relief, she sought to punish him for contempt and a hearing was scheduled for May 15, 1978. The particular member of the law firm representing the defendant was otherwise engaged and unable to be present in court that day and the defendant was represented by an associate of the firm. A stipulation of settlement was entered into between the parties in open court after numerous discussions. The defendant, in response to his counsel's query, indicated that he understood the terms of the stipulation and accepted the terms of his own free will. Two weeks later he moved to vacate the stipulation on the ground that he had not been represented by competent counsel because the associate who represented him, through lack of experience and unfamiliarity with the case, improperly advised him as to his choices in court that day so that he assented to an inequitable financial arrangement. After entry of the judgment, Special Term granted the defendant's motion to vacate to the extent of restoring the action to the Contested Calendar for consideration of "all of the financial aspects of this action". Thereafter, Special Term denied the plaintiff's motion to reargue the motion to vacate the stipulation of settlement but, on its own motion, the court deleted the portions of the judgment which provided that the defendant was to convey to the plaintiff his interest in certain property. The court declined to vacate the entire judgment. It was an improvident exercise of discretion to grant the defendant's motion. Defendant's claim that he was misled by his attorney and that he "was not aware of all of the ramifications of the stipulation of settlement" is not supported by the record. The case on which the defendant relies *(Tumolillo v Tumolillo,* 60 AD2d 648) is inapposite. The defendant here was represented by competent counsel and assented to the terms of the stipulation in open court. Relief from a stipulation of settlement should only be granted upon a showing of good cause, such as collusion, mistake, accident or a similar ground *(Stiber v Stiber,* 65 AD2d 758). Special Term also erred when it amended the judgment. "It [the trial court] cannot, by amendment, change the judgment in the matter of substance for error committed on the

trial or in the decision, or limit the legal effect of it to meet some supposed equity subsequently called to its attention or subsequently arising. It cannot correct judicial errors either of commission or omission. Those errors are, under our system of procedure, to be corrected either by the vacating of the judgment or by an appeal" *(Herpe v Herpe,* 225 NY 323, 327; see, also, *Baum v Baum,* 40 AD2d 1000, 1001). Damiani, J. P., Gulotta, Margett and Mangano, JJ., concur.