■ METROPOLITAN STEEL INDUSTRIES, INC., Appellant-Respondent, v FIDELITY & DEPOSIT COMPANY OF MARYLAND, Respondent-Appellant.—In an action by a subcontractor to recover under a labor and material payment bond, the parties cross-appeal from a judgment of the Supreme Court, Kings County, entered February 22, 1977, which awarded judgment to plaintiff, but limited its recovery to the balance due under an alleged settlement agreement. Judgment affirmed, with one bill of costs to the defendant. Plaintiff Metropolitan Steel Industries, Inc. was a subcontractor for Carbar Construction Corporation and V.C. Vitanza & Son (hereinafter Carbar-Vitanza), joint venturers in the construction of a new student center at Kingsborough Community College. The defendant Fidelity & Deposit Company of Maryland was the surety on a labor and material payment bond posted in connection therewith. Because of various disputes which arose between plaintiff and Carbar-Vitanza during the course of performance of the subcontract, they entered into a written settlement agreement in which the contract price for plaintiff's work was significantly reduced. When Carbar-Vitanza failed to make complete payment thereunder, plaintiff commenced this action against the surety to recover the balance due under the original subcontract. Plaintiff contends that the settlement agreement was merely an "executory accord", which, when not performed, revived the original agreement (see Goldbard v Empire State Mut. Life Ins. Co., 5 AD2d 230; Moers v Moers, 229 NY 294). We disagree. A review of the evidence in this case reveals that the settlement agreement was reached because of the plaintiff's failure to fully perform its duties under the original subcontract. In recognition of this deficiency, the parties negotiated and agreed upon a new, lower contract price. The accommodation which they thus arranged constituted a new and superseding agreement which settled what would have otherwise been a disputed claim. As such, the agreement discharged the earlier obligation and became substituted therefor. Accordingly, Trial Term properly limited plaintiff's recovery to the amount owing under the settlement agreement. Suozzi, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ BERNARD MEYER, Respondent, v MURIEL MEYER, Appellant. MURIEL B. MEYER, Appellant, v BERNARD MEYER, Respondent.—Appeal by the wife, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated December 8, 1977, as, after a hearing, denied her motion to (1) set aside a stipulation of settlement and (2) vacate a judgment of divorce. Order affirmed insofar as appealed from, with costs. Review of the record fails to reveal such evidence as warrants the vacatur of the stipulation and subsequent judgment of divorce (see Reinfurt v Reinfurt, 67 AD2d 968; Stiber v Stiber, 65 AD2d 758). Furthermore, we agree with the trial court that, with respect to the charges alleged against appellant's attorney at the time of entry of the stipulation, the appellant's remedy is an action against the attorney, if she be so advised. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.