■ LISA B. PERLMUTTER, Respondent, v FRED C. PERLMUTTER, Appellant.—In a postjudgment enforcement proceeding arising out of a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated April 27, 1979, which denied his motion to vacate a certain money judgment obtained by the plaintiff against him and directed that all outstanding restraining notices and executions be canceled upon the deposit by defendant of $752.98 with the Sheriff of Westchester County. Order reversed, on the law, without costs or disbursements, motion to vacate granted, and the Sheriff of Westchester County is directed to remit the money deposited by defendant. Upon service of a copy of the order to be entered hereon, together with notice of entry thereof, the County Clerk of Westchester County is directed to mark his records accordingly. On January 15, 1979 the parties and their counsel appeared before a Judge of the Family Court, Westchester County, for a conference concerning the settlement of issues of visitation and child support. The parties were divorced in November, 1976, after which plaintiff married a man named Turco. As a result of the conference, the parties in open court entered into a stipulation to settle not only the items of visitation and child support, but also matters of controversy then existing between them. As part of the stipulation, Mr. Alberi, attorney for the defendant, said: "Mr. Alberi: First of all, Your Honor, there are actions pending in the Supreme Court brought by Mrs. Turco against * * * The Court: All pending actions are discontinued without prejudice. Mr. Alberi: With prejudice. Discontinued with prejudice in every case brought in court, this court, the Supreme Court and the Appellate Division, so there is nothing left unsettled or any loose ends." Further on he stated: "Mr. Alberi: There is no question that there is no money coming to Mrs. Turco. The Court: That has already been stated." Then, after more colloquy, the court addressed the plaintiff, in response to a request by her attorney that each party place a consent on the record. "The Court: I intend to. Mrs. Turco, you have heard all that has been said on this record since you have come into the courtroom, isn't that so? Mrs. Turco: Yes. The Court: You yourself are a law student, isn't that so? Mrs. Turco: That is correct. The Court: You have discussed this matter thoroughly with your attorney, have you not? Mrs. Turco: Yes. The Court: And you are

aware of the complications and the consequences of these agreements, are you not? Mrs. Turco: Yes. The Court: And you willingly enter into this agreement, do you not? Mrs. Turco: Yes, I do. The Court: And you intend to be bound by it? Mrs. Turco: Yes, I do. The Court: All right. No one has forced you or threatened you in any way to enter into this agreement and you do wish to enter into this agreement, isn't that so? Mrs. Turco: Right." The court then proceeded to catechize the defendant in a similar fashion, with similar results. Prior to the conference date of January 15, 1979, the parties had been locked in litigation which, in due course, reached this court. The plaintiff, as appellant, prevailed and was awarded one bill of $50 costs and disbursements (*Perlmutter v Perlmutter*, 65 AD2d 601). On January 25, 1979 a judgment was entered in plaintiff's favor in Westchester County for $687 ($50 costs and $637 disbursements as taxed). The attorney who entered the judgment was not the same person who represented Mrs. Turco at the conference before the Family Court Judge. Shortly after defendant learned of the entry of judgment, this proceeding to vacate the judgment was commenced by order to show cause and affidavit. The wording of the stipulation left no room for ambiguity or misunderstanding. It stated unequivocally that all pending actions were discontinued with prejudice in every case brought "in this court [i.e., the Family Court], the Supreme Court and the Appellate Division". Further, plaintiff remained mute when Mr. Alberi said, "There is no question that there is no money coming to Mrs. Turco", on which statement the court placed its imprimatur by saying: "That has already been stated." As noted in *Ragen v City of New York* (45 AD2d 1046): "The stipulation was 'one made between counsel in open court' and so falls within the wording of CPLR 2104. A stipulation such as the one at bar is binding upon the parties and should not be disturbed". (See, also, *Rado v Rado*, 51 AD2d 811.) CPLR 2104 ("Stipulations"), cited in *Ragen,* provides: "An agreement between parties or their attorneys relating to any matter in an action, *other than one made between counsel in open court,* is not binding upon a party unless it is a writing subscribed by him or his attorney or reduced to the form of an order and entered" (emphasis supplied). Accordingly, the money judgment must be vacated and the moneys deposited with the Sheriff remitted. Shapiro, J. P., Cohalan, Margett and Martuscello, JJ., concur.