■ THEODORE TETENBAUM, Respondent-Appellant, v PAULETTE J. TETEN-BAUM, Appellant-Respondent. — In a matrimonial action in which the parties had entered into a stipulation in open court, (1) the defendant wife appeals, as limited by her brief and notice of appeal, from (a) stated portions of an order of the Supreme Court, Westchester County, entered April 25, 1980, which, *inter alia,* denied her motion to vacate a judgment of divorce based upon the stipulation and (b) stated portions of three orders of the same court, all dated June 30, 1980, which, *inter alia,* again denied her motion to vacate the stipulation and directed that she comply with certain of the terms thereof and (2) the plaintiff cross-appeals from so much of one of the orders dated June 30, 1980, as declined to make any direction concerning the defendant's criminal action against him in the Village Court of Hastings-on-Hudson. Upon appeals by defendant, four orders affirmed insofar as appealed from, without costs or disbursements. Cross appeal dismissed as academic, without costs or disbursements. Plaintiff husband commenced this action for divorce in June, 1979. On January 28, 1980 the case came on for trial. After the plaintiff testified, the substance of which was very damaging to the defendant, the parties and their attorneys worked out a settlement. Thereafter, a stipulation of settlement was entered into in open court. Defendant was at all times represented by competent counsel. In response to the court's query, defendant inidcated that she understood and accepted the terms of the stipulation. Thereafter, by judgment dated February 13, 1980, both parties were granted a divorce on the ground of cruel and inhuman treatment. The judgment specifically stated that the stipulation of settlement would survive said judgment. Thereafter, the defendant moved, *inter alia,* to vacate the judgment on the ground that at the time she entered into the stipulation she was confused and did not fully understand its terms since French is her native tongue. She further asserted that the settlement was financially inequitable. Special Term denied the motion. We affirm. Relief from a stipulation of settlement should only be granted upon a showing of good cause, such as collusion, mistake, accident, or a similar ground (see, e.g., *Stiber v Stiber,* 65 AD2d 758; *Rado v Rado,* 51 AD2d 811). The record herein indicates that defendant was represented by competent counsel and that she consented to the terms of the stipulation in open court (see *Stiber v Stiber, supra; Kaplan v Kaplan,* 60 AD2d 594; Stein v Stein, 57 AD2d 922; *Dastin v Dastin,* 54 AD2d 749; *Rado v Rado,supra).* Moreover, on the record before us, we see nothing inequitable or unfair about the stipulation of settlement. Ample provision was made for the wife and a fair distribution of the parties' property was provided for therein. Concerning the husband's cross appeal, the issue has become moot in view of the dismissal of criminal charges against him, after a trial. Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.   ∘