## (December 30, 1980)

In the Matter of CELIA SHLEIFMAN, Respondent. ROSALIND STEINBERG, Appellant.—Order, Supreme Court, New York County, entered March 3, 1980, is unanimously reversed insofar as appealed from, on the law and the facts, and in the exercise of discretion, and the fourth and all subsequent decretal paragraphs of the order are vacated, without prejudice to any appropriate application by any party, on notice to all parties, to vacate the judgment entered November 8, 1978 and the stipulation upon which it is based, without costs on appeal to any party. On a motion by a purported attorney for the conservatee for fees, Special Term rendered a decision dated October 29, 1979 whereby Special Term on its own motion set aside a stipulation of settlement between appellant and the conservator. As this decision was made in a proceeding instituted without notice to appellant, and in which appellant was not party and had no opportunity to contest or be heard, the decision was jurisdictionally defective as lacking in due process. Before an order was entered on that decision, appellant made a "cross motion" to modify the decision by deleting references to the stipulation of settlement. This cross motion was denied in the order appealed from, which denied appellant's motion and vacated the substantive portions of the judgment entered November 8, 1978 on the stipulation of settlement (under which appellant was to retain one of two $15,000 bank accounts). Appellant's cross motion and the proceedings thereon do not cure the original jurisdictional defects because (a) appellant was now in the position of applying for relief to a Judge who had already decided the issue against appellant before appellant had had an opportunity to be heard, the Judge having expressed himself very decisively against appellant's position and (b) appellant was now in the position of having to show why a decision already rendered should be vacated rather than merely defending against attack a judgment rendered a year earlier. We note further that apparently none of the parties had applied to be relieved of the stipulation of settlement. (See *D & E Dev. Corp. v Parkchester Clothes Corp.*, 27 AD2d 658, 659.) We need not now decide whether any proceeding to vacate the earlier judgment should be by way of an independent suit or a motion on notice in the former action. (Cf. *Teitelbaum Holdings v Gold*, 48 NY2d 51, 55; *Yonkers Fur Dressing Co. v Royal Ins. Co.*, 247 NY 435, 444.) In any event, it would appear wiser that any such future application be decided by a Judge who has not expressed himself on the merits. (See *Ragen v City of New York*, 45 AD2d 1046.) Concur—Murphy, P. J., Birns, Sullivan, Lupiano and Silverman, JJ.