■ SUSANNE B. AUBLE, Appellant, v WILLIAM J. AUBLE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered April 6, 1982 in Tompkins County, which denied plaintiff's motion to vacate or modify a divorce judgment. Plaintiff served defendant with a summons and complaint for divorce which contained no request for ancillary relief. A judgment of divorce by default was entered in plaintiff's favor on August 21, 1981. Both parties had previously reached a mutually agreeable financial settlement and had executed legal documents to effect such a settlement which were prepared by plaintiff's counsel. On March 15, 1982, plaintiff sought by an order to show cause to modify the divorce decree and sought permission to litigate the issues of maintenance, child support and equitable distribution, or, in the alternative, a modification of the judgment of divorce and reference to Family Court for a hearing and determination of these issues. The motion was in all respects denied. There should be an affirmance. Plaintiff's moving papers fail to spell out any statutory grounds to disturb the final judgment. Plaintiff sought and was accorded a substantial financial settlement. There are no allegations made by plaintiff in her moving papers of overreaching by the defendant husband, or of duress or unconscionability in the settlement reached between the parties. Plaintiff was represented by counsel in the proceedings. All these circumstances foreclose the relief sought (*Rado v Rado,* 51 AD2d 811). Order affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

## FOURTH DEPARTMENT, OCTOBER, 1982

## (October 27, 1982)

■ In the Matter of FRANCIS J. DANIELEWICZ, Respondent, v NORTON AURIGEMA et al., as Commissioners of Elections of the County of Niagara, Respondents, and AMEL S. JOWDY, as Candidate for Town Justice of the Town of Cambria, Appellant. — Order unanimously reversed, without costs, and petition dismissed. Memorandum: Respondent Jowdy appeals from an order that directed the board of elections to invalidate a certificate of nomination designating a candidate for the position of Town Justice on the ground that the county committee had failed to comply with its own rules (Election Law, § 6-108, subd 2). The certificate of nomination is valid. Section 6 of the rules of the county committee gives the executive committee the power and makes it the committee's duty to effectuate the objectives of the Republican Party. The nomination of Republican candidates is clearly among these objectives. Special Term recognized that section 6 is applicable only under special circumstances but was over-restrictive in delineating those circumstances. Absent illegality, there is a general policy of noninterference with the internal workings of a political party. There is no such illegality in the present case; the peculiar circumstance preceding the filing of the certificate of nomination warranted the exercise of the powers delegated to the executive committee under section 6 of the rules of the county committee. (Appeal from order of Niagara Supreme Court, Sedita, J. — Election Law.) Present — Dillon, P. J., Doerr, Denman, Moule and Schnepp, JJ.