■ NORMAN MATUOZZI, Appellant, v DOROTHY MATUOZZI, Respondent. — In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated April 7, 1982, which granted the wife's motion to vacate a stipulation of settlement and restore the matter to the Trial Calendar and denied his cross motion for, *inter alia,* counsel fees. Order modified, on the law, by deleting therefrom the provision granting the defendant's motion and substituting therefor a provision denying said motion. As so modified, order affirmed, without costs or disbursements. After numerous discussions, a stipulation of settlement was entered into between the parties in open court on March 1, 1982. The defendant was at all times represented by competent counsel and, in response to the court's query, stated that she understood the terms of the stipulation and was willingly entering into it. The following day, the wife appeared at the court's chambers and stated to the court's law secretary that when she had entered into the stipulation she was very upset and did not understand or fully appreciate the consequences of the stipulation. Subsequently, by order to show cause dated March 12, 1982, she moved to vacate the stipulation. Special Term granted the motion, reasoning that since no judgment of divorce had been signed nor submitted, and the parties could be restored substantially to their former positions, the interests of justice warranted the granting of the motion to vacate. We disagree. This court has repeatedly held that relief from a stipulation of settlement will be granted only upon a showing of good cause, such as collusion, mistake, accident or a similar ground (see, e.g., *Reinfurt v Reinfurt,* 67 AD2d 968; *Stiber v Stiber,* 65 AD2d 758; *Rado v Rado,* 51 AD2d 811; *Ragen v City of New York,* 45 AD2d 1046). The fact that the wife may have been emotionally distressed at the time she entered into the stipulation was, without more, an insufficient reason to vacate the stipulation (see *Rado v Rado, supra;* see, also, *Tetenbaum v Tetenbaum,* 78 AD2d 851). Moreover, we see nothing inequitable or unfair about the stipulation of settlement (see *Winant v Winant,* 83 AD2d 849; *Tetenbaum v Tetenbaum, supra*). However, we agree with Special Term that the husband is not entitled to counsel fees. Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.