■ ARDITH ZIONCHECK, Respondent, v ROGER ZIONCHECK, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 19, 1982 in Ulster County, upon a decision of the court at Trial Term (Bradley, J.), without a jury. In October, 1978, plaintiff commenced this action for divorce of a 1953 marriage on the grounds of cruel and inhuman treatment. Defendant answered with a general denial and, in August, 1980, commenced a separate action for divorce on the grounds of abandonment and cruel and inhuman treatment. On January 11, 1982, during the course of a nonjury trial of the consolidated actions, the parties, with the aid of the court, negotiated an agreement to fully dispose of both actions and divide their personal and real property. The express terms of this stipulation of settlement were then recited upon the record in open court (CPLR 2104). As a result, the court granted plaintiff a divorce and ordered that the stipulation, as entered upon the record, be signed by the parties and incorporated but not merged in the divorce decree. Defendant later refused to sign, contending he was under "severe mental strain" at the time the stipulation was entered in open court. Trial Term, noting that the agreement was entered into voluntarily and was intended as a final settlement, rejected defendant's excuse and, by judgment entered April 19, 1982, granted plaintiff a divorce pursuant to the terms of the stipulation of settlement. Defendant has appealed. There should be an affirmance. Defendant's contention that the oral stipulation was conditional and not binding until transcribed and signed by both parties is unpersuasive. He boldly asserts that since he was suffering from "severe physical ailments and substantial emotional stress", the parties agreed the stipulation would not be binding until properly executed, ostensibly to provide defendant an opportunity to reflect on his commitment. The record demonstrates quite the contrary. Indeed, as noted by Trial Term, the stipulation was the result of extensive negotiations between both parties and freely entered into the record. That the trial court ordered the parties to sign the stipulation, as entered, did not render the stipulation conditional, for a party is bound by stipulations "made between counsel in open court" even absent a writing (CPLR 2104; *Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 8-9). From this record, it is evident that stipulation was intended to be final and defendant has not offered documentary or other proof to establish he was unable to understand the consequence of his decision. The conclusory assertions of his present attorney are without evidentiary value and unavailing. Significantly, the trial court had ample opportunity to observe defendant during the trial and the course of negotiations and discerned no undue strain. Stipulations of settlement have traditionally been favored by the courts (see *Matter of New York, Lackawanna & Western R. R. Co.*, 98 NY 447, 453) and relief from such stipulations requires a showing of good cause, such as collusion, mistake, accident or a similar ground (*Matuozzi v Matuozzi*, 90 AD2d 844, app dsmd 58 NY2d 1112; *Myers v Bernard*, 38 AD2d 619). Defendant has made no such contention here, but rather insists that the stipulation was conditional. As stated, the record simply does not bear out this contention. Moreover, there is nothing either unfair or inequitable about the settlement (see *Winant v Winant*, 83 AD2d 849, affd 55 NY2d 870; *Tetenbaum v Tetenbaum*, 78 AD2d 851, app dsmd 54 NY2d 834). Nor is this an instance where both the court and the attorneys viewed this settlement as an "opting out agreement" as defined in section 236 (part B, subd 3) of the Domestic Relations Law (see, e.g., *Giambattista v Giambattista*, 89 AD2d 1057). Defendant has conceded that the instant action was commenced prior to, and is not governed by, the new Equitable Distribution Law (Domestic Relations Law, § 236, part B; see *Lischynsky v Lischynsky*, 95 AD2d 111). In sum, the parties are bound by the stipulation entered upon the record and judgment pursuant to said stipulation was properly rendered. Inasmuch as the action was resolved upon stipula-

tion of the parties, it was unnecessary for the court to state the basis of its decision pursuant to CPLR 4213 (subd [b]). Judgment affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.