■ RITA McDOUGALL, Appellant, v GEORGE McDOUGALL, JR., Respondent.—In a matrimonial action in which the parties were divorced by judgment dated November 4, 1981, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 14, 1985, which denied, without a hearing, her motion to set aside certain portions of the parties' judgment of divorce, to vacate a stipulation of settlement entered into by the parties in open court on March 23, 1981, on the ground that the defendant husband had fraudulently misrepresented his finances, for an upward modification of child support payments, and for an award of expert fees and counsel fees.

Ordered that the order is affirmed, with costs.

In view of the fact that the plaintiff, who was at all times represented by counsel, approved the subject stipulation in open court, her conclusory allegations regarding the defen-

dant's fraudulent misrepresentations are unavailing and without evidentiary value. On the contrary, the record reveals that the provisions of the stipulation are not manifestly unfair, that there was no overreaching present in its inception and that the plaintiff's conduct in accepting the benefits thereof for some 4½ years constitutes a ratification *(see, Beutel v Beutel,* 55 NY2d 957, 958; *Surlak v Surlak,* 95 AD2d 371, 381, *lv dismissed* 61 NY2d 906). Given the binding nature of the stipulation *(Zioncheck v Zioncheck,* 99 AD2d 563) and the general policy that "[j]udicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions" *(see, Christian v Christian,* 42 NY2d 63, 71-72), there was no basis for disturbing either the parties' stipulation or their final judgment of divorce. Under the circumstances, it was not error to deny the plaintiff's frivolous application without conducting an evidentiary hearing *(Auble v Auble,* 90 AD2d 667, *lv dismissed* 58 NY2d 820; *cf., Kleinberg v Gershman,* 116 AD2d 555, 556).

Inasmuch as there was no evidence in the record to indicate that the plaintiff was unable to meet the cost of her own counsel fees, the court did not abuse its discretion in denying that branch of her application (Domestic Relations Law § 237 [a]; *Rodgers v Rodgers,* 98 AD2d 386, 393, *appeal dismissed* 62 NY2d 646; *Kann v Kann,* 38 AD2d 545). Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.