◼ LUGENIA RICHARDSON, Respondent, v JAMES O. RICHARDSON, Appellant.—In a matrimonial action in which the parties were divorced by judgment of the Supreme Court, Nassau County (Oppido, J.), entered October 27, 1986, the defendant husband appeals from an order of the same court, dated February 13, 1987, which granted the plaintiff wife's motion to resettle the judgment of divorce and which denied, without a hearing, that portion of his cross motion which was to vacate or modify that portion of the judgment which incorporated by reference a stipulation of settlement entered into by the parties in open court on July 18, 1986.

Ordered that the order is affirmed, with costs.

In view of the fact that the defendant husband, who was at all times represented by counsel, consented after judicial inquiry to the subject stipulation in open court, his conclusory allegations of unfairness or unconscionability are without evidentiary value *(see, McDougall v McDougall,* 129 AD2d 685; *Jensen v Jensen,* 110 AD2d 679).

The record reveals, contrary to the defendant's claims, that the provisions of the stipulation were not "manifestly unfair" and there was no overreaching present in its inception. The new appraisal as to the value of the marital residence does not support a claim of mutual mistake, nor is the defendant's claimed misunderstanding of the terms sufficient to set aside the parties' agreement given the binding nature of the stipulation *(see, Grunfeld v Grunfeld,* 123 AD2d 64; *Zioncheck v Zioncheck,* 99 AD2d 563).

"Judicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions" *(see, Christian v Christian,* 42 NY2d 63, 71-72). The defendant's claim of hardship or alleged change of circumstances, even if supported by the evidence, which it is not, would not persuade this court to set aside the parties' agreement as to the property settlement. The stability and hence the effectiveness of property dispositions would be seriously undermined if they could be set aside after execution upon a finding that they became unfair after some time had elapsed.

Finally, it was not error to deny the defendant's application without an evidentiary hearing as no triable issues of fact were raised, the defendant's allegations being conclusory and belied by the record *(see, McDougall v McDougall,* 129 AD2d 685, *supra; Robinson v Robinson,* 111 AD2d 316, *appeal dismissed* 66 NY2d 613, *mot to vacate denied* 66 NY2d 855, *rearg denied* 67 NY2d 647). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.