■ ARLENE RODGERS et al., Appellants, v C & R ENTERPRISES, INC., Doing Business as CHEZ ROYALE CATERING HALL, Respondent.—In an action to vacate a stipulation settling a personal injury action, the plaintiffs appeal from an order of the Supreme Court, Kings County (Krausman, J.), dated November 7, 1990, which denied their motion pursuant to CPLR 308 (5) for leave to serve a complaint on either the defendant's insurance carrier or the attorneys who represented it in the underlying personal injury action, and granted the defen-

dant's cross motion to impose costs upon the plaintiffs pursuant to CPLR 8303-a, to the extent of $1,000, to be paid to the defendant's attorneys.

Ordered that the order is affirmed, with costs.

A prior action was commenced by the plaintiffs to recover damages for injuries sustained by the plaintiff Arlene Rodgers when she fell on a wet dance floor at the defendant's catering hall in June 1982. On April 8, 1987, the date scheduled for trial, the parties settled the case in open court before Justice Ramirez of the Supreme Court, Kings County, for $7,500. On April 14, 1987, the plaintiffs signed a general release. A check was issued to the plaintiffs and their attorneys on or about February 9, 1988.

Thereafter, the plaintiffs moved to vacate the stipulation of settlement on the ground that they did not know the extent and severity of Arlene Rodgers's injuries at the time of the settlement. Specifically, in an affidavit dated February 11, 1988, the plaintiff Arlene Rodgers alleged:

"At the time I appeared before your Honor I was not fully appraised of my injuries. In this respect I annex a copy of my initial verified bill of particulars and the reports from my chiropractor.

"I am still under the care of an orthopedist, Dr. Philip A. Barenfeld. On November 2, 1987 I was again examined by Dr. Barenfeld. As the November 2, 1987 the report disclosed that I have suffered the injuries which are more fully set forth in the amended and supplemental verified bill of particulars which is annexed hereto.

"As Dr. Barenfeld concludes in his statement 'The patient is definitely disabled. Her symptoms and disability related to the right knee are causally related to the accident of 6/13/82'.

"The court's attention is respectfully directed to Dr. Barenfeld's original report dated June 22, 1982 and his diagnosis 'Sprain with hamarthrosis of right knee.'

"The Court can readily see that neither I nor my counsel had any idea of the extent of my injuries at the time of the conference before the Court. Any settlement can readily now be seen as grossly inadequate".

By order dated May 31, 1988, the Supreme Court, Kings County (Ramirez, J.) denied the plaintiffs' motion, holding:

"Plaintiff [Arlene Rodgers] now claims that at the time of the settlement she was not fully apprised of her injuries. Whereas the original medical report referred to a sprain, an examination in November 1987—seven months after the set-

tlement—allegedly found more severe injuries. Because neither plaintiff nor her counsel 'had any idea of the extent of [the] injuries at the time of the conference before the Court', plaintiffs seek to vacate the settlement which they believe is grossly inadequate.

"Relief from a stipulation entered into in open court in the presence of the parties and their counsel will be granted only upon a showing of good cause, such as collusion, mistake, or duress *(Rado v Rado,* 51 AD2d 811; *Ragen v City of New York,* 45 AD2d 1046; *Wilson v Wilson,* 44 AD2d 667). In this case plaintiffs have failed to demonstrate such grounds. The fact that plaintiff later discovered that her injuries were more severe than originally believed is not the kind of mistake which would 'relieve a party of its obligation under a contract [m]erely because subsequently, with the benefit of hindsight, it appears to have been a bad bargain' *(Raphael v Booth Mem. Hosp.,* 67 AD2d 702)*".

The plaintiffs filed a notice of appeal, but abandoned the appeal, and moved for reargument. By order dated January 9, 1989, the Supreme Court, Kings County, granted the plaintiffs' motion to reargue, but adhered to the original determination, holding: "Even if plaintiffs did not know that more serious injuries were involved than were thought at first, that would not constitute the kind of mistake which would relieve plaintiffs of their obligation under the stipulation".

Two years after the settlement, the plaintiffs prepared a complaint which sought, by way of a plenary action, to rescind the stipulation of settlement on the ground:

"13. That at the date of the scheduled date of trial neither the plaintiff, the defendant, counsel for the plaintiff, counsel for the defendant nor the Court was either advised or aware of the full extent and of the severity of the plaintiff's injuries.

"14. That at the scheduled date of trial the plaintiff's personal physician, Dr. Philip A. Barenfeld, was not aware of the full extent and of the severity of the plaintiff's injuries.

"15. That it was not until after the scheduled date of trial that plaintiff and her physician first became aware of the fact that plaintiff has sustained a 'status post tear of the medial collateral ligament, right knee' and that 'Her symptoms and disability related to the right knee are causally related to the accident of June 13, 1982.'

"16. That at the scheduled date of trial, plaintiff and defendant, unaware of the full extent of plaintiff's injuries and the severity thereof, 'settled' the above action for the sum of $7,500.00."

Thereafter, the plaintiffs moved pursuant to CPLR 308 (5) for leave to serve this complaint on the defendant's insurer, or its attorneys in the underlying personal injury action.

After several legal skirmishes, the Supreme Court, Kings County (Krausman, J.), denied the plaintiffs' motion, and granted the defendant's cross motion to impose costs upon the plaintiffs of $1,000, to be paid to the defendant's attorneys.

The plenary action which the plaintiffs wish to commence seeks to relitigate the very same issue which was decided adversely to the plaintiffs in the orders of Justice Ramirez dated May 31, 1988, and January 9, 1989, respectively. Accordingly, based on the principle of collateral estoppel, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 308 (5) (see, Vavolizza v Krieger, 33 NY2d 351; Allied Chem. v Niagara Mohawk Power Corp., 72 NY2d 271, 276, cert denied 488 US 1005). Further, the instant motion was "frivolous" within the meaning of CPLR 8303-a, and the modest sum of $1,000 in costs was properly imposed upon the plaintiffs. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.