Bradley v Bradley (2018 NY Slip Op 08561)





Bradley v Bradley


2018 NY Slip Op 08561


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7886 350035/14

[*1]David W. Bradley, Plaintiff-Respondent-Appellant,
v
Bershan Shaw Bradley, Defendant-Appellant-Respondent.


Law Offices of Howard Benjamin, New York (Howard Benjamin of counsel), for appellant-respondent.
Cohen Clair Lans Greifer Thorpe & Rottenstreich, LLP, New York (Robert S. Cohen of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered August 17, 2017, which denied defendant wife's motion to vacate the judgment of divorce and stipulation of settlement, and denied plaintiff husband's cross motion for counsel fees and sanctions, unanimously affirmed, with costs to be paid by defendant wife.
The court properly denied the wife's motion to set aside the open-court stipulation of settlement in the absence of fraud, overreaching, mistake or duress (see Hallock v State of New York, 64 NY2d 224, 230 [1984]). The wife was represented by able and experienced counsel, had been involved in negotiations for a period of time, came close to an agreement two weeks prior to reaching settlement, and spent the entire day negotiating the final terms of the settlement. At that time, the court conducted a proper allocution of the wife, who represented that she understood the terms of the stipulation, and was entering into it voluntarily, knowingly, and of her own free will. Her submission of two unsworn letters from physicians was insufficient to establish that she was so incapacitated as to warrant setting aside the stipulation, particularly where she was observed by the court to be fully engaged in the negotiations and testified emphatically during the allocution (see Klauer v Abeliovich, 120 AD3d 1114, 1115 [1st Dept 2014]).
Furthermore, the record shows that the wife has since ratified the stipulation of settlement by seeking disbursements in accordance with its terms (see Markovitz v Markovitz, 29 AD3d 460, 461 [1st Dept 2006]). Because she did not raise any triable issue of fact, the wife was not entitled to an evidentiary hearing (see Richardson v Richardson, 142 AD2d 563 [2d Dept 1988], lv dismissed 73 NY2d 872 [1989]).
As for the husband's cross appeal, the denial of sanctions as against the wife and her former counsel was a provident exercise of the court's discretion. The husband failed to show that the challenged conduct, while without legal merit, was "so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1" (Carson v Hutch Metro Ctr., LLC, 110 AD3d 468, 469 [1st Dept 2013] [internal quotation marks omitted]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK