■ In the Matter of KIMBERLY ASHE, Respondent, v ENLARGED CITY SCHOOL DISTRICT OF TROY et al., Appellants. [649 NYS2d 97] —Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 25, 1995 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, prohibit respondent Enlarged City School District of Troy from maintaining disciplinary proceedings against her and directing that her compensation be continued.

In July 1993 petitioner entered into a contract of employment with respondent Enlarged City School District of Troy (hereinafter the District) to fill the position of Director of Personnel; the term of the contract is July 1, 1993 through

June 30, 1997. In April 1994 petitioner received a performance evaluation which praised her exemplary job performance. On July 6, 1994 the Board adopted a resolution effectively eliminating the position of Director of Personnel and stating that the individual currently holding that position would be transferred to a suitable alternative employment position within the District. Petitioner continued to report to work and continued to collect full salary and benefits as provided under the employment contract. However, petitioner asserts that she was not transferred to a comparable administrative position but, rather, to a position consisting of clerical or secretarial duties.

On September 27, 1994 petitioner filed a notice of claim against the District, the Board and five members of the Board seeking money damages for the breach of her employment contract; thereafter, she continued to report to work and collect her full salary and benefits. In March 1995 petitioner's physician sent correspondence to the District, on behalf of petitioner, which stated that petitioner was unable to work for four weeks because she was suffering from apthous stomatitis, common migraines and an affective disorder. The District, pursuant to Education Law § 913, directed her to undergo a physical examination. Petitioner, by letter dated April 7, 1995, notified the District that she would not undergo the medical examination and that she would no longer report to work unless she was reinstated as the Director of Personnel, the duties of which she was ready, willing and able to perform. Thereafter, the District scheduled the medical examination. By letter dated April 24, 1995, petitioner, through her attorney, notified the District that she would not submit to the examination and that, although she was no longer ill, she would not return to work unless she was reinstated to her contractual position. In response, the District ordered petitioner to return to work. When petitioner failed to return to work the District filed charges of insubordination and misconduct against her for not reporting to work and for her refusal to submit to the medical examination as directed. Subsequently, petitioner was notified that a hearing with respect to these charges would be conducted on June 12, 1995.

Petitioner commenced this proceeding, pursuant to CPLR article 78, seeking to prohibit the District from proceeding with the hearing or taking any other disciplinary action relating to the charges against her and enjoining them from suspending, altering or terminating her pay. Supreme Court, *inter alia*, granted the relief requested in the petition and

ordered that the District's determination to maintain disciplinary proceedings against petitioner be vacated and annulled. In making said determination, the court found that by abolishing petitioner's position, eliminating her title and redistributing her duties to others, the District breached the parties' employment agreement. Furthermore, Supreme Court held that, in view of the District's breach of the employment agreement, the District had the obligation to continue to compensate petitioner at the contractual rate. Respondents appeal.

We reverse. In our view it was error for Supreme Court to grant petitioner the extraordinary remedy of prohibition. "Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 51). "The writ is generally not available to correct common procedural or substantive errors * * * and will not lie where its proponent has access to another adequate legal remedy * * * unless, in the rare instance, it 'would furnish a more complete and efficacious remedy' " (*Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786, quoting *La Rocca v Lane*, 37 NY2d 575, 579-580, *cert denied* 424 US 968). It may well be that "acts done by [petitioner] in defense of [her] contract rights * * * are not insubordination" (*Rudman v Cowles Communications*, 30 NY2d 1, 10), but that is a substantive matter related to the merits of the charges against petitioner and not a matter that affects respondents' jurisdiction over employee discipline (*see, Matter of Doe v Axelrod*, 71 NY2d 484, 490). In any event, if, as petitioner contends, her contract rights provide her with a complete defense to the insubordination charges, she has another adequate legal remedy in the form of a CPLR article 78 proceeding to review respondents' final determination on the insubordination charges.

Even if prohibition were technically appropriate in this case, "other factors such as the gravity of the potential harm caused by the threatened excess of power or whether other proceedings in law or equity could correct the flaw" must be considered in determining whether to grant the relief (*Matter of Town of Huntington v New York State Div. of Human Rights, supra*, at 786). There is no irreparable harm to petitioner if the hearing on the insubordination charges is conducted (*see, Galin v Chassin*, 217 AD2d 446, 447); the pending breach of contract action,

together with available CPLR article 78 review of any final determination against her on the insubordination charges, will adequately protect petitioner's rights. In the meantime, the District cannot compel petitioner to undergo a medical examination, to attend the hearing or to return to work.

Finally, the petition also requests that the District be prohibited from "suspending, altering or terminating" her pay and benefits. Although phrased in prohibition language, the request to continue her pay essentially seeks mandamus relief (*see*, Siegel, NY Prac § 558, at 874 [2d ed]). The issues with respect to petitioner's pay and benefits and any damages to which petitioner may be entitled, including, *inter alia*, her obligation, if any, to mitigate her damages (*see*, *Cornell v T. V. Dev. Corp.*, 17 NY2d 69), will best be resolved in the course of petitioner's pending breach of contract action.

Mercure, J. P., White and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.