■ In the Matter of JACK R. ESSENBERG et al., Individually and as Officers of the New York State Committee of the Independence Party, Respondents, v HARRY KRESKY, as Chairperson of the Hearing Subcommittee of the New York State Committee of the Independence Party, et al., Appellants. (And Two Other Related Proceedings.) [696 NYS2d 282] —Per Curiam. Appeal from a judgment of the Supreme Court (Malone, J.), entered June 25, 1999 in Albany County, which, in two proceedings pursuant to CPLR article 78 and Election Law article 16, permanently enjoined certain removal proceedings with the State Committee of the Independence Party and the implementation of certain amendments to the Independence Party's rules, and dismissed a third proceeding.

On September 28, 1998, the State Committee of the Inde-

pendence Party held its organizational meeting at which the Rules of the State Committee (hereinafter the rules) were adopted and petitioners Jack R. Essenberg, Thomas W. Pecoraro, Lawrence D. Rosenbaum, Nadar J. Saygh, Wanda Chenot and John D. Horan (hereinafter the Essenberg parties) were elected to the nine-member Executive Committee with Essenberg as Chair. Thereafter, a dispute arose among the Essenberg parties, who comprise a majority of the State Executive Committee, and Harry Kresky and others (hereinafter the Kresky parties), who constitute a majority of the State Committee as determined under the weighted voting system contained in article IX of the rules.[1] The dispute involves certain amendments to the rules sought by the Kresky parties. One of the amendments sought to transfer the power of the Executive Committee to appoint county chairs in counties where a county committee had not been constituted pursuant to Election Law article 2 to the local election of county chairs by weighted vote of the members of the State Committee from that county. Another amendment sought transfer of the power to issue "Wilson-Pakula" certificates of authorization (*see,* Election Law § 6-120 [3]) from the Executive Committee to the local county committees.

In March 1999 and again in May 1999, pursuant to article VI of the rules, the requisite number of members of the State Committee petitioned Essenberg to call meetings to consider the proposed amendment to the rules and also to include a copy of the proposed amendment with each notice of meeting sent out in accordance with Election Law § 2-114 (2). Essenberg refused to place the amendment on the agenda for the State Committee meetings to be held in April and June 1999. The April 5, 1999 meeting was held and, after a disputed voice vote, Essenberg adjourned the meeting; however, Kresky and his supporters remained and voted to begin the process to remove the Essenberg parties as officers and members of the State Committee. The Essenberg parties thereafter commenced the first proceeding seeking to permanently enjoin the removal process. Subsequently, the notice of the June 10, 1999 meeting was sent out limiting the agenda to consideration of whether the Independence Party should change its name, resulting in the Kresky parties commencing the second proceeding seeking, *inter alia,* to compel Essenberg to permit consideration of the proposed rules amendment at the meeting. Prior to the June

---

1. Under this system, each member of the State Committee representing each district or portion thereof casts the number of votes cast for Governor from his/her district in the last gubernatorial election.

meeting, Supreme Court granted interim relief permitting the Secretary to mail a copy of the proposed amendment to all State Committee members, which was done.

Following defeat of the name change motion at the June 10, 1999 meeting, Essenberg declared the meeting adjourned and left. After determining that a quorum remained, the Secretary directed a roll call vote on whether to adjourn, which was defeated. Interim officers were elected for the meeting and the proposed amendment of the rules with changes was adopted as was a motion to affirm and expand the removal proceedings to encompass events subsequent to the April 1999 meeting. Essenberg thereafter commenced the third proceeding seeking to enjoin the continuation of the removal process and the implementation of the rules amendment.

Supreme Court concluded that the April and June 1999 meetings of the State Committee were special meetings and that Essenberg, as Chair, had authority to set the agenda of such a meeting. The court further held that the transaction of any business at a special meeting other than the business specified by Essenberg's agenda was void. Accordingly, the court granted judgment dismissing the Kresky parties' petition and permanently enjoining the removal proceedings and implementation of the rules change. The Kresky parties appeal.

Initially, we find that the Kresky parties have failed to preserve the issue of lack of personal jurisdiction over the State Committee by failing to raise it before Supreme Court. In any event, inasmuch as Essenberg commenced the third proceeding in his capacity as Chair of the State Committee as well as in his individual capacity, his appearance and participation in the proceeding confers jurisdiction over the State Committee.

Next, although the proceedings commenced by the Essenberg parties reference Election Law article 16 and CPLR article 78, the Essenberg parties conceded at oral argument that Election Law article 16 is inapplicable under the circumstances here. We note the absence of any challenge to the nomination of a particular candidate (*see, Matter of Bachmann v DeFronzo*, 164 AD2d 926) or the completed removal of a party member or official (*see*, Election Law § 16-118).[2]

In our view, the proceedings commenced by the Essenberg parties are CPLR article 78 proceedings seeking, in essence, prohibition. "Prohibition may be maintained solely to prevent

---

**2.** Election Law § 16-118 provides in pertinent part that "[t]he action of any political committee or independent body in removing a member or officer thereof may be reviewed by a proceeding pursuant to [CPLR article 78]".

or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 51). Prohibition is not available here in reference to the amendment of party rules since such an amendment is more in the nature of a legislative act, rather than a judicial or quasi-judicial act (*see, Matter of Rivera v Coughlin*, 188 AD2d 725).

As far as the removal proceedings, although they are quasi-judicial in nature, prohibition will not lie to enjoin them inasmuch as the Election Law affords the Essenberg parties an adequate remedy to review removal, if that occurs, upon completion of the proceedings (*see,* Election Law § 16-118; *Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786; *Matter of Ashe v Enlarged School Dist.*, 233 AD2d 571, 573-574).

Finally, we decline to exercise our discretionary power to convert the proceedings to declaratory judgment actions (*see,* CPLR 103 [c]) absent compelling evidence in the record before us of an impairment of fundamental rights, a violation of State law or a violation of public policy. This is consistent with the generally held view that courts should not interfere with the internal affairs of a political party (*see, Bloom v Notaro*, 67 NY2d 1048, 1049). Here, in our opinion, the amendment of party rules and the removal proceedings are "internal issues * * * best resolved within the party organization itself" (*Matter of Bachmann v Coyne*, 99 AD2d 742, *lv denied* 61 NY2d 607).

Cardona, P. J., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the petitions in proceeding Nos. 1 and 3; said petitions dismissed; and, as so modified, affirmed.