■ In the Matter of THOMAS W. PECORARO, Individually and as a Vice-Chairperson of the State Committee of the Independence Party of New York State, et al., Respondents-Appellants, v STATE COMMITTEE OF THE INDEPENDENCE PARTY OF THE STATE OF NEW YORK et al., Appellants-Respondents, et al., Respondents. [714 NYS2d 533] —Per Curiam. Cross appeals from a judg-

---

4. We reach a contrary result, however, with respect to respondent's isolated instance of frivolous conduct in Federal court; thus, charge IV has not been sustained and will be dismissed.

ment of the Supreme Court (Malone, Jr., J.), entered April 26, 2000 in Albany County, which, *inter alia*, granted petitioners' application, in a proceeding pursuant to CPLR article 78 and Election Law article 16, to overturn certain removal proceedings within respondent State Committee of the Independence Party.

This case arises out of a dispute among members of respondent State Committee of the Independence Party. In an earlier related proceeding, *Matter of Essenberg v Kresky* (265 AD2d 664), this Court modified Supreme Court's judgment by reversing its grant of a permanent injunction enjoining (1) the process begun by a weighted majority of State Committee members (hereinafter collectively referred to as the opposition parties) to remove certain individuals (hereinafter collectively referred to as the Essenberg parties) as officers and members of the Executive Committee of the State Committee originally elected at the Party's 1998 biennial organizational meeting, and (2) the implementation of proposed amendments to the Party rules* adopted at ad hoc meetings of the State Committee held April 5, 1999 and June 10, 1999, respectively. We dismissed the petitions brought by the Essenberg parties on the basis that, *inter alia*, a writ of prohibition was not an appropriate vehicle to challenge the amendment of the Party rules and the arguments relating to the proposed removal proceedings were premature in the absence of actual removals from the State Committee offices.

Thereafter, on November 20, 1999 a removal subcommittee, appointed at the April 5, 1999 meeting, held a hearing to consider charges against the Essenberg parties. The Essenberg parties, who did not appear personally, were represented at the hearing by their attorney. Subsequently, a petition dated January 3, 2000 signed by the required number of members of the State Committee was filed with the Chairperson of the State Committee, petitioner Jack R. Essenberg, seeking to compel the calling of a State Committee meeting to consider, *inter alia*, the report of the removal subcommittee. Essenberg did not call the meeting; however, petitioner Lawrence Rosenbaum, a Vice-Chairperson, did so pursuant to Party rules and set the date for February 4, 2000. In the notice of meeting,

---

* One of the amendments sought to transfer the power of the Executive Committee to appoint county chairpersons in counties where a county committee had not been constituted pursuant to Election Law article 2 to the local election of county chairpersons by weighted vote of the members of the State Committee from that county. Another amendment sought transfer of the power to issue "Wilson-Pakula" certificates of authorization (*see*, Election Law § 2-114 [2]).

Rosenbaum limited the transaction of business to one item only, namely, allowing Essenberg an opportunity to report on the activities and progress of the State Independence Party.

As a result, a letter from the opposition parties was then sent to all State Committee members which, *inter alia*, indicated that the meeting was for the purpose of considering the removal and recall of the Essenberg parties. The removal subcommittee's report, which discussed these issues, was also sent to all members.

By order to show cause dated February 3, 2000, certain of the Essenberg parties commenced the first of the two proceedings that were ultimately consolidated into the matter now before this Court seeking primarily to enjoin their removal at the February 4, 2000 meeting. On the return date of February 4, 2000, a temporary restraining order, which had prevented the meeting from going forward with the planned agenda of the opposition parties, was allowed to expire. The meeting resumed and the Essenberg parties were removed from their positions as officers of the State Committee (with two of them also being removed as State Committee members). They were additionally "recalled" from the State Committee offices and certain Executive Committee memberships. New officers were elected to replace those who had been removed and recalled and other business of the State Committee was conducted.

On February 14, 2000, the Essenberg parties, *inter alia*, commenced a second proceeding, pursuant to Election Law § 16-118, seeking to overturn the removals and invalidate the June 1999 rule amendments. Supreme Court consolidated the two proceedings and respondents moved pursuant to CPLR 3211 to dismiss the consolidated proceeding on several grounds. Supreme Court concluded that petitioners' challenge to the amended rules was barred by the doctrines of res judicata and collateral estoppel but otherwise denied the motion. Following joinder of issue, Supreme Court granted the consolidated petition to the extent of granting the request to overturn the removal of the Essenberg parties and return them to their former offices within the State Committee. Respondents now appeal and petitioners cross-appeal, contending that Supreme Court erroneously declined to overturn the June 1999 amended rules of the Party.

Initially, we address petitioners' contention that Supreme Court incorrectly dismissed that portion of the proceeding seeking to overturn the enactment of the amended Party rules. The issue of the validity of the rule amendments was raised in the prior decision of this Court. We found that prohibition could

not be maintained "in reference to the amendment of party rules since such an amendment is more in the nature of a legislative act, rather than a judicial or quasi-judicial act" (*Matter of Essenberg v Kresky*, 265 AD2d 664, 667, *supra*). We declined to exercise our discretion to convert the proceeding to a declaratory judgment action "absent compelling evidence in the record * * * of an impairment of fundamental rights, a violation of State law or a violation of public policy", noting that the amendment of party rules is an " 'internal issue[ ] * * * best resolved within the party organization itself' " (*id.*, at 667, quoting *Matter of Bachmann v Coyne*, 99 AD2d 742, *lv denied* 61 NY2d 607). No appeal was taken from that decision and, therefore, petitioners are barred from relitigating the issue in this proceeding under principles of res judicata.

We turn next to respondents' contention that Supreme Court erred in overturning the removal and recall of the Essenberg parties. At the outset, we note that there are two provisions in article VI of the Party rules by which a meeting may be called. The first is upon the call of the Chairperson. The second is "[u]pon written petition of forty or more members of the Committee, representing not less than twenty counties". Although petitioners' construction of the Party rules (based upon the application of Robert's Rules of Order Newly Revised [9th ed]) is that the Chairperson is vested with exclusive authority to set the meeting agenda, in our view such a construction would effectively eliminate the meeting-by-petition provision because it would permit the Chairperson to preclude consideration of the business that prompted the members to petition for the meeting in the first instance. Under petitioners' interpretation, the Chairperson could prevent his or her removal or the removal of any other member or officer no matter who calls the meeting. We find that construction of the Party rules unreasonable in that the written petition process for calling a meeting would be rendered meaningless.

Next, we agree with respondents that the Essenberg parties were properly "recalled" at the February 4, 2000 meeting. Article XVII of the amended Party rules provides in relevant part as follows:

"One or more officers of the State Committee or members of the State Executive Committee may also be removed by way of recall as follows * * *

"(2) Any officers of the State Committee or members of the State Executive Committee against whom recall has been initiated may be removed from office by a vote of not less than fifty-five percent at the same meeting of the State Committee, weighted pursuant to Article IX * * *

"(4) Recall may also be initiated by a petition calling for a State Committee meeting."

The petition by which the February 4, 2000 meeting was called also sought removal by way of recall under article XVII of the Party rules. Additionally, the minutes of the February 4, 2000 meeting show that the motions to recall the Essenberg parties received more than 55% of the weighted vote. Thus, removal by recall was properly effected under the Party rules. We make no determination as to the propriety of removal under article II of the Party rules since we find it unnecessary to consider the parties' contentions in that regard.

Cardona, P. J., Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted petitioners' application to overturn the removal of petitioners Jack R. Essenberg as Chairperson of the State Committee of the Independence Party, Thomas W. Pecoraro as Vice-Chairperson of the State Committee of the Independence Party, Lawrence D. Rosenbaum as Second Vice-Chairperson of the State Committee of the Independence Party, Nadar J. Saygh as Treasurer of the State Committee of the Independence Party, Wanda Chenot as Member of the Executive Committee of the State Committee of the Independence Party and John B. Horan as Member of the Executive Committee of the State Committee of the Independence Party; petition dismissed to that extent; and, as so modified, affirmed.