■ In the Matter of CHRISTINA VALIN et al., Appellants, v LAURENCE F. ADAMCZYK et al., Constituting the Erie County Board of Elections, et al., Respondents. [730 NYS2d 464] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed as time-barred this special proceeding brought pursuant to Election Law § 16-102, seeking to invalidate certificates of authorization filed on behalf of respondents and to invalidate the underlying designation of respondents' candidacies in the Independence Party primary election to be held on September 11, 2001. Petitioners contend that the certificates of authorization are null and void because they were not issued by the appropriate party committee and individuals. A proceeding seeking to challenge the election of officers at a party committee meeting must be brought within 10 days after the meeting is held (*see,* Election Law § 16-102 [2]). It is undisputed that petitioners failed to do so here, and thus this proceeding is untimely (*see, Matter of Green v Kapsis*, 283 AD2d 496). "Since Election Law § 16-102 (1) provides a remedy for the relief sought by petitioners, they cannot avoid the time requirement of the statute by initiating a new and different proceeding" (*Matter of Scaringe v Ackerman*, 119 AD2d 327, 329, *affd* 68 NY2d 885). The contention of petitioners that they were not aggrieved until the certificates of authorization were filed is without merit (*see, Matter of Krupczak v Mancini*, 153 AD2d 785, 786; *cf., Gdanski v Rockland County Bd. of Elections*, 97 AD2d 744). In any event, were we to review the merits of this proceeding, we would conclude that it was properly dismissed. In the absence of illegality, there is no basis for judicial interference with the internal workings of a party (*see, Matter of Danielewicz v Aurigema*, 90 AD2d 667, *appeal dismissed* 58 NY2d 881). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Election Law.) Present—Pigott, Jr., P. J., Green, Pine, Wisner and Lawton, JJ.