■ In the Matter of HAROLD COHEN, Respondent, v SUFFOLK COUNTY BOARD OF ELECTIONS et al., Appellants. [921 NYS2d 573]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Board of Elections dated March 30, 2009, to use "electronic voting machines," the appeal is from an order of the Supreme Court, Suffolk County (Whelan, J.), dated September 10, 2010, which denied the appellants' motion pursuant to CPLR 3211 (a) and 7804 to dismiss the petition for failure to state a cause of action, as barred by the statute of limitations, and for failure to name a necessary party.

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the appellants' motion pursuant to CPLR 3211 (a) and 7804 to dismiss the petition for failure to state a cause of action, as barred by the statute of limitations, and for failure to name a necessary party is granted, and the petition is denied and the proceeding is dismissed.

The petitioner commenced this CPLR article 78 proceeding more than four months after the determination by the Suffolk County Board of Elections to use new voting machines became final and binding upon him (*see* CPLR 217 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]). Consequently, the proceeding was time-barred.

Additionally, contrary to the Supreme Court's conclusion, the petition fails to state a cause of action upon which relief can be granted (*see generally Leon v Martinez*, 84 NY2d 83, 87 [1994]). The Election Reform and Modernization Act of 2005 (hereinafter ERMA) prohibits punch-card voting and provides that effec-

tive September 1, 2007, all lever machines in New York shall be replaced by voting machines or systems that comply with Election Law § 7-202 (*see* L 2005, ch 181; Election Law § 7-209). Further, ERMA requires boards of elections, such as the Suffolk County Board of Elections, to use a voting machine approved by the State Board of Elections (*see* Election Law § 7-202; Budget Report on Bills, Bill Jacket, L 2005, ch 181, at 10). Since the petition fails to allege that the Suffolk County Board of Elections violated ERMA when it replaced punch cards and lever machines with voting machines that meet the requirements of Election Law § 7-202, the petition fails to state a cause of action upon which relief can be granted (*see Matter of County of Suffolk v New York State*, NYLJ, May 18, 2007, at 24, col 1 [Sup Ct, Albany County, Hard, J.]).

Finally, because the proceeding was brought beyond the statute of limitations, the New York State Board of Elections, a necessary party to the proceeding, cannot be timely joined (*see Matter of Jenkins v Board of Elections of City of N.Y.*, 270 AD2d 436, 437 [2000]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.