[967 NE2d 174, 943 NYS2d 796]

In the Matter of Paul Kosowski et al., Appellants, v Daniel F. Donovan, Jr., et al., Respondents.

Argued March 21, 2012; decided March 27, 2012

## POINTS OF COUNSEL

*Steven G. Legum*, Mineola, for appellants. I. Since the County Committee of the Conservative Party of Nassau County did not have the minimum number of members required under the Election Law, the Court should hold that the Committee is not legally constituted, all actions taken by it are null and void, and the election of officers vacated. (*Mulholland v Carey*, 976 F Supp 166; *Matter of Moore v Pikul*, 64 Misc 2d 650.) II. Since the Appellate Division misinterpreted the plain and unambiguous language of Election Law § 16-102 (2), it erred in holding that the proceeding was not timely commenced. (*Matter of Stampf v Hill*, 218 AD2d 919; *Matter of Sayegh v Castaldo*, 287 AD2d 639; *Delanoy v Faction*, 287 AD2d 592; *Matter of Essenberg v Reape*, 272 AD2d 544; *Matter of Stabile v DeFronzo*, 231 AD2d 577; *Matter of Dee v State Tax Commn.*, 257 App Div 531, 282 NY 617; *Matter of American Can Co. v State Tax Commn.*, 13 AD2d 175, 11 NY2d 643.)

*Bee Ready Fishbein Hatter & Donovan, LLP*, Mineola (*Peter A. Bee* and *Stephen L. Martir* of counsel), for respondents. I. Petitioners-appellants' actions were untimely pursuant to Election Law § 16-102. (*Matter of Voyticky v Gore*, 134 AD2d 354; *Matter of Flynn v Olma*, 286 AD2d 568; *Matter of Thomas v Turco*, 43 AD3d 617.) II. Although not determined by the Appellate Division below, the County Committee of the Conservative Party of Nassau County had the minimum number of elected members required under the Election Law, and if the Court finds the proceeding timely, the Court should declare the Committee is legally constituted. (*Mulholland v Carey*, 976 F Supp 166.) III. Under either the Appellate Division, Second Department's interpretation or under the Appellate Division, Third Department's interpretation of Election Law § 16-102, petitioners-appellants' proceeding would be dismissed for being untimely, therefore the Appellate Division's ruling should be affirmed since this Court cannot issue an advisory opinion. (*People v Cahill*, 2 NY3d 14; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707; *Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801; *Matter of Stampf v Hill*, 218 AD2d 919.)

## OPINION OF THE COURT

Per Curiam.

Petitioners, elected members of the Nassau County Committee of the Conservative Party (hereinafter County Committee),

attended a meeting held on September 24, 2010 at which the County Committee elected as officers respondents Daniel F. Donovan, Jr., Maryann T. Hughes, Christopher M. Mistron, Marty Blessinger, John J. Fanning, Daniel J. Lang, Vincent A. Ciccolella, Kevin J. Crean and Michael Landman (collectively, respondent officers). Respondents Donovan and Mistron filed a certificate of election with the State and Nassau County Boards of Elections, date-stamped as received by the Nassau County Board on September 28, 2010.

By order to show cause filed October 6 and served October 7, 2010, petitioners commenced this proceeding against respondent officers and others. The petition alleged that the County Committee, as constituted at the time of the meeting, had fewer members than required by Election Law § 2-104 and therefore "could not . . . undertake any lawful action or elect any officials." Petitioners also alleged that some of the members were unqualified to serve on the County Committee. Respondent officers answered, raising as affirmative defenses that petitioners lacked standing and that the petition was untimely. Respondent Mistron, in an opposing affidavit, also argued that the number of County Committee members required by law should be calculated based only on election districts in which Conservative Party voters were registered; and controverted petitioners' allegation that certain members of the County Committee were not qualified to hold office.

Supreme Court entered an order on January 18, 2011, which denied the petition and dismissed the proceeding. Assuming arguendo that the proceeding was not time-barred, the court held that the County Committee had a sufficient number of members (2011 NY Slip Op 33605[U] [2011]). On May 17, 2011, the Appellate Division affirmed on the ground that the proceeding was untimely because it was commenced after the expiration of the 10-day limitations period in Election Law § 16-102 (2) (84 AD3d 1089 [2d Dept 2011]). We granted petitioners leave to appeal (17 NY3d 714 [2011]), and now affirm.

We have stated that a petition challenging "the validity" of a county committee must be commenced "within 10 days after the . . . organizational meeting of the Committee, at the latest" (*Sack v Board of Elections of City of N.Y.*, 65 NY2d 958, 959 [1985], citing Election Law § 16-102 [2]; *see also Matter of Flynn v Olma*, 286 AD2d 568, 568 [4th Dept 2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Valin v Adamczyk*, 286 AD2d 566 [4th

Dept 2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Stabile v DeFronzo*, 231 AD2d 577, 577 [2d Dept 1996]). While a case can be made that the 10-day period should apply to party meetings that select candidates for public office, and not to meetings that only select party officers (*see Town of Islip Town Comm. of Conservative Party of N.Y. State v Leo*, 71 AD2d 624, 625 [2d Dept 1979] ["Section 16-102 of the Election Law imposes a short limitation of 10 days in order to meet the exigencies of preparing ballots and conducting elections for public office"]), we do not adopt that view. The statute undoubtedly provides for challenging people elected for "party position" (Election Law § 16-102 [1]), and to interpret it to remain silent as to the statutory period would mean that a significantly longer one would apply (e.g., petitioners suggest the four-month period for CPLR article 78 proceedings [CPLR 217]). The 10-day period is sensible and consistent with the Legislature's avowed purpose when it amended section 16-102 (2) in 1986 to include committee meetings—i.e., "to compute the time within which to commence a legal proceeding to be measured not only from the holding of a primary election, caucus, or convention, but to include . . . a meeting of a party committee" (Mem in Support, Bill Jacket, L 1986, ch 710, at 5).

In light of our disposition of this appeal, we need not and do not express any opinion as to whether, under Election Law § 2-104, only election districts in which registered voters of a political party reside should be counted toward the total number of required committee members for that party.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion.

Order affirmed, without costs.