# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**750.1**

**CAE 13-00619**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF FRANK C. MAX, JR.,
CANDIDATE AGGRIEVED, AND AS CHAIRMAN OF
TOWN OF CHEEKTOWAGA DEMOCRATIC COMMITTEE
AND AS AN ENROLLED DEMOCRATIC VOTER IN
TOWN OF CHEEKTOWAGA 35TH ELECTION DISTRICT,
DANIEL S. MCPARLANE, CHAIRMAN OF TOWN OF
WEST SENECA DEMOCRATIC COMMITTEE, AND AS
DEMOCRATIC COMMITTEEMAN IN TOWN OF WEST
SENECA ELECTION DISTRICT 7 AND AS AN
ENROLLED DEMOCRATIC VOTER IN WEST SENECA
7TH ELECTION DISTRICT, AND JOHN F. FRACOS,
AS CITY OF BUFFALO DEMOCRATIC ZONE CHAIRMAN
ZONE 21, AND AS CITY OF BUFFALO DEMOCRATIC
COMMITTEE COMMITTEEMAN NORTH 18 AND AS AN
ENROLLED VOTER BUFFALO NORTH DISTRICT 18,
PETITIONERS-PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

DENNIS E. WARD, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS ERIE COUNTY BOARD OF ELECTIONS
COMMISSIONER AND AS SECRETARY OF ERIE COUNTY
DEMOCRATIC COMMITTEE AND AS FORMER CHAIRMAN OF
TOWN OF AMHERST DEMOCRATIC COMMITTEE, RALPH M.
MOHR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS ERIE COUNTY BOARD OF ELECTIONS COMMISSIONER,
LEONARD LENIHAN, IN HIS CAPACITY AS FORMER
CHAIRMAN OF ERIE COUNTY DEMOCRATIC COMMITTEE,
ALSO KNOWN AS DEMOCRATIC COUNTY COMMITTEE OF
ERIE COUNTY, ERIE COUNTY DEMOCRATIC COMMITTEE,
ALSO KNOWN AS DEMOCRATIC COUNTY COMMITTEE OF ERIE
COUNTY, JEREMY ZELLNER, IN HIS OFFICIAL CAPACITY
AS PURPORTED CHAIRMAN OF ERIE COUNTY DEMOCRATIC
COMMITTEE, ALSO KNOWN AS DEMOCRATIC COUNTY
COMMITTEE OF ERIE COUNTY, AND DAVID A. RIVERA,
BETTY JEAN GRANT, JAMES CONNOLLY, ROBERT E. BROWN,
MOLLY MCLAUGHLIN, GAYLE SYPOSS, DENNIS WARD AND
IVORY L. PAYNE, JR., IN THEIR OFFICIAL CAPACITIES
AS OFFICERS OF ERIE COUNTY DEMOCRATIC COMMITTEE,
ALSO KNOWN AS DEMOCRATIC COUNTY COMMITTEE OF ERIE
COUNTY, RESPONDENTS-DEFENDANTS-RESPONDENTS.
--------------------------------------------------------
DENNIS E. WARD, AS CANDIDATE FOR RECOMMENDATION AS
DEMOCRATIC COMMISSIONER OF ELECTIONS, RESPONDENT.

---

JAMES OSTROWSKI, BUFFALO, FOR PETITIONERS-PLAINTIFFS-APPELLANTS.

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
RESPONDENTS-DEFENDANTS-RESPONDENTS DENNIS E. WARD, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS ERIE COUNTY BOARD OF ELECTIONS COMMISSIONER
AND AS SECRETARY OF ERIE COUNTY DEMOCRATIC COMMITTEE AND AS FORMER
CHAIRMAN OF TOWN OF AMHERST DEMOCRATIC COMMITTEE, AND RALPH M.
MOHR, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ERIE COUNTY BOARD
OF ELECTIONS COMMISSIONER.

RICHARDS & KRUGER, BUFFALO (JULIE KRUGER OF COUNSEL), FOR RESPONDENT
DENNIS E. WARD, AS CANDIDATE FOR RECOMMENDATION AS DEMOCRATIC
COMMISSIONER OF ELECTIONS.

DEAN E. LILAC, JR., TONAWANDA, FOR RESPONDENT-DEFENDANT-RESPONDENT
LEONARD LENIHAN, IN HIS CAPACITY AS FORMER CHAIRMAN OF ERIE COUNTY
DEMOCRATIC COMMITTEE, ALSO KNOWN AS DEMOCRATIC COUNTY COMMITTEE OF
ERIE COUNTY.

JEROME D. SCHAD, WILLIAMSVILLE, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS
ERIE COUNTY DEMOCRATIC COMMITTEE, ALSO KNOWN AS DEMOCRATIC COUNTY
COMMITTEE OF ERIE COUNTY, JEREMY ZELLNER, IN HIS OFFICIAL CAPACITY AS
PURPORTED CHAIRMAN OF ERIE COUNTY DEMOCRATIC COMMITTEE, ALSO KNOWN AS
DEMOCRATIC COUNTY COMMITTEE OF ERIE COUNTY.

LAW OFFICES OF JEFFREY MARION, WILLIAMSVILLE (JEFFREY E. MARION OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS DAVID A. RIVERA,
BETTY JEAN GRANT, JAMES CONNOLLY, ROBERT E. BROWN, MOLLY MCLAUGHLIN,
GAYLE SYPOSS, DENNIS WARD AND IVORY L. PAYNE, JR., IN THEIR OFFICIAL
CAPACITIES AS OFFICERS OF ERIE COUNTY DEMOCRATIC COMMITTEE, ALSO KNOWN
AS DEMOCRATIC COUNTY COMMITTEE OF ERIE COUNTY.

---------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (Deborah A. Chimes, J.), granted February 21, 2013 in a
proceeding/action pursuant to, inter alia, CPLR article 78, CPLR 3001
and Election Law article 16.  The judgment, inter alia, granted the
motions of respondents-defendants to dismiss the petition/complaint.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying the motions of respondents-
defendants to the extent that they sought dismissal of the third,
fifth, and sixth causes of action, reinstating those causes of action,
and granting judgment in favor of respondents-defendants as follows:

It is ADJUDGED and DECLARED that Election Law § 2-104
has not been shown to be unconstitutional as applied to
petitioners-plaintiffs,

and as modified the judgment is affirmed without costs.

Memorandum:  Petitioners-plaintiffs (petitioners) commenced this
proceeding/action (proceeding) pursuant to, inter alia, CPLR article
78, CPLR 3001, and Election Law article 16 seeking various forms of
relief, including a judgment setting aside the election of officers at
a September 29, 2012 reorganization meeting of respondent-defendant

Erie County Democratic Committee, also known as Democratic County Committee of Erie County (hereafter, committee). We note as background that county party committees in Erie County (County) are composed of two members elected from each election district. Election Law § 2-104 (1) provides that the voting power of each member of a party committee generally is proportional to that party's vote in the district in the last gubernatorial election, but that the voting power of a member from a district created or changed since the last gubernatorial election and State Assembly election is proportional to the number of enrolled voters of such party in the district. Throughout the County, the number of people who voted for the Democratic candidate in the 2010 gubernatorial election was less than the number of enrolled voters in the Democratic party. Consequently, committee members from districts created or changed since 2010 had more voting power than committee members from other districts in the election of committee officers at the September 2012 reorganization meeting. The creation or consolidation of election districts is the responsibility of the Board of Elections (see § 4-100 [2]), and petitioners allege that respondents-defendants Dennis E. Ward and Ralph M. Mohr, in their capacity as Commissioners of the Erie County Board of Elections (hereafter, Board), attempted to ensure that Ward and his political allies were elected to the various offices of the committee by redrawing districts in areas favorable to Ward and declining to do so in areas favorable to petitioner-plaintiff Frank C. Max, Jr. (redistricting plan).

At the reorganization meeting, respondent-defendant Jeremy Zellner was elected chairman of the committee over Max. According to petitioners, although Max received the majority of the votes cast for that office from members who attended the reorganization meeting, Zellner was announced the winner because he received 152,098 weighted votes, while Max received 113,528 weighted votes. Additionally, Ward was reelected secretary of the committee and recommended for another term as commissioner of the Board, and respondents-defendants David A. Rivera, Betty Jean Grant, James Connolly, Robert E. Brown, Molly McLaughlin, Gayle Syposs, and Ivory L. Payne, Jr. were elected committee officers.

Petitioners commenced this proceeding on October 5, 2012, asserting as a first cause of action that the redistricting plan was arbitrary and capricious and an abuse of discretion, and that the election should therefore be declared invalid and a new election should be held (see CPLR 7803 [3]); as a second cause of action that the redistricting plan was enacted in violation of the Open Meetings Law (see Public Officers Law § 107 [1]); as third, fifth and sixth causes of action that Election Law § 2-104 as applied to them violated various constitutional rights and thus should be declared unconstitutional; and as fourth and seventh causes of action that, as a result of those various constitutional violations, they were entitled to damages. Respondents-defendants (respondents) moved to dismiss the petition, Supreme Court granted the motions, and petitioners appeal.

Contrary to petitioners' contention, we conclude that the court

properly dismissed as time-barred the first cause of action insofar as it sought relief pursuant to CPLR article 78.  The record establishes that the redistricting plan was enacted on June 1, 2012.  Thus, the statute of limitations was triggered on that date (*see generally Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848-849), and this proceeding was commenced more than four months thereafter (*see* CPLR 217 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34, *rearg denied* 5 NY3d 824; *Matter of Cohen v Suffolk County Bd. of Elections*, 83 AD3d 1063, 1063).

To the extent that the first cause of action sought relief pursuant to the Election Law, it was timely inasmuch as this proceeding was commenced within 10 days of the reorganization meeting (*see* Election Law § 16-102 [2]; *Matter of Kosowski v Donovan*, 18 NY3d 686, 688-689).  Further, we agree with petitioners that the court erred in determining that they failed to name "the State Democratic Committee, the County Board of Elections and the elected district committee members" as necessary parties (*see generally* CPLR 1001 [a]; 1003; *Matter of Delmont v Kelly*, 172 AD2d 1067, 1067, *lv denied* 77 NY2d 809).  Although the Board is indeed a necessary party, its interests are "adequately represented" by Ward and Mohr (*Matter of Snell v Young*, 88 AD3d 1149, 1150-1151, *lv denied* 17 NY3d 715 [internal quotation marks omitted]; *see Gagliardo v Colascione*, 153 AD2d 710, 710, *lv denied* 74 NY2d 609).  The elected committee members, as opposed to committee officers, are not necessary parties with respect to the first cause of action.  The first cause of action seeks to compel a new election at which the voting power of each elected committee member is based on Democratic enrollment, and that relief can be granted without removing the elected committee members from their positions or otherwise inequitably affecting them (*cf. Matter of Masich v Ward*, 65 AD3d 817, 817, *lv denied* 13 NY3d 701; *see generally Matter of Messina v Albany County Bd. of Elections*, 66 AD3d 1111, 1113-1114, *lv denied* 13 NY3d 710).  The State Democratic Committee is not a necessary party because petitioners do not challenge any of its actions or rules (*see Matter of Master v Pohanka*, 44 AD3d 1050, 1052-1053; *cf. Matter of Dixon v Reynolds*, 65 AD3d 819, 820, *lv denied* 13 NY3d 701).

We further conclude, however, that the first cause of action fails to state a viable cause of action contesting the election of committee officers at the reorganization meeting (*see generally* Election Law § 16-102 [1]).  The weighted voting procedure used at the meeting was required by statute (*see* § 2-104 [1]; *see generally Cohen*, 83 AD3d at 1063-1064), and the proper procedural vehicle to challenge the redistricting plan was a CPLR article 78 proceeding, not a proceeding pursuant to article 16 of the Election Law (*see generally Matter of Munnelly v Newkirk*, 262 AD2d 781, 782, *affd* 93 NY2d 960; *Matter of Essenberg v Kresky*, 265 AD2d 664, 666-667).  Petitioners may not use the Election Law to advance an otherwise time-barred CPLR article 78 claim (*see generally Gress v Brown*, 20 NY3d 957, 959-960).

The court properly dismissed the second cause of action, alleging

the violation of the Open Meetings Law.  "[N]ot every breach of the 'Open Meetings Law' automatically triggers its enforcement sanctions" (*Matter of New York Univ. v Whalen*, 46 NY2d 734, 735; *see* Public Officers Law § 107 [1]), and petitioners failed "to show good cause why, as a sanction, we should exercise our discretion to void" the redistricting plan (*Matter of Griswald v Village of Penn Yan*, 244 AD2d 950, 951; *see generally Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 686).

Even accepting the allegations in the petition as true with respect to the causes of action seeking damages and declaratory relief (*see Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150-1151; *see generally Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that petitioners are not entitled to such relief.  The harm alleged in support of those causes of action arises out of the election of officers to positions within a political party, and the constitutional provisions relied upon do not apply to the internal affairs of political parties (*see Davis v Sullivan County Democratic Comm.*, 58 AD2d 169, 171-173, *affd* 43 NY2d 964; *Seergy v Kings County Republican County Comm.*, 459 F2d 308, 313-314; *Lynch v Torquato*, 343 F2d 370, 372-373; *see generally Matter of Master v Pohanka*, 10 NY3d 620, 624).  Thus, the fourth and seventh causes of action, seeking damages based on the alleged violation of constitutional rights, were properly dismissed inasmuch as petitioners failed to establish the violation of such rights (*see Ruggiero v Phillips*, 292 AD2d 41, 45). We note that petitioners have cited no authority to support any contention that the state constitution affords greater protection than the federal constitution in these matters (*see generally Matter of Walsh v Katz*, 17 NY3d 336, 343-344; *Golden v Clark*, 76 NY2d 618, 624).

Because the third, fifth, and sixth causes of action sought declaratory relief as a consequence of the alleged violation of their constitutional rights, however, the proper remedy was a declaration in respondents' favor rather than the dismissal of those causes of action (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954).  We note that a declaration is appropriate in the context of these preanswer motions to dismiss in the absence of issues of fact (*see Tilcon N.Y., Inc.*, 87 AD3d at 1150).  We therefore modify the judgment by denying respondents' motions to the extent that they sought dismissal of the third, fifth, and sixth causes of action, reinstating those causes of action, and declaring that Election Law § 2-104 has not been shown to be unconstitutional as applied to petitioners (*see generally Mead Sq. Commons, LLC v Village of Victor*, 97 AD3d 1162, 1164; *Matter of DaimlerChrysler Co., LLC v Billet*, 51 AD3d 1284, 1289).

In view of our determination, we need not address the remaining issues raised on appeal.

Entered:  June 14, 2013                              Frances E. Cafarell
                                                     Clerk of the Court