Matter of Upstate Jobs Party v Czarny (2019 NY Slip Op 06689)





Matter of Upstate Jobs Party v Czarny


2019 NY Slip Op 06689


Decided on September 23, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


969 CA 19-01633

[*1]IN THE MATTER OF UPSTATE JOBS PARTY, JOHN BULLIS, JOHN RYAN MCMAHON II, INDEPENDENCE PARTY OF NEW YORK, FRANK MACKAY, AND JESSICA AMIDON, PETITIONERS-PLAINTIFFS-APPELLANTS,
v
DUSTIN M. CZARNY, ONONDAGA COUNTY BOARD OF ELECTIONS COMMISSIONER, MICHELE L. SARDO, ONONDAGA COUNTY BOARD OF ELECTIONS COMMISSIONER, PETER S. KOSINSKI, NEW YORK STATE BOARD OF ELECTIONS CO-CHAIR COMMISSIONER, DOUGLAS A. KELLNER, NEW YORK STATE BOARD OF ELECTIONS CO-CHAIR COMMISSIONER, ANDREW J. SPANO, NEW YORK STATE BOARD OF ELECTIONS COMMISSIONER, AND GREGORY P. PETERSON, NEW YORK STATE BOARD OF ELECTIONS COMMISSIONER, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






SANTIAGO BURGER LLP, PITTSFORD (MICHAEL A. BURGER OF COUNSEL), FOR PETITIONERS-PLAINTIFFS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS PETER S. KOSINSKI, NEW YORK STATE BOARD OF ELECTIONS CO-CHAIR COMMISSIONER, DOUGLAS A.
GREGORY P. PETERSON, NEW YORK STATE BOARD OF ELECTIONS COMMISSIONER.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (YVETTE VELASCO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS DUSTIN M. CZARNY, ONONDAGA COUNTY BOARD OF ELECTIONS COMMISSIONER, AND MICHELE L. SARDO, ONONDAGA COUNTY BOARD OF ELECTIONS COMMISSIONER. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Norman W. Seiter, Jr., J.), entered September 4, 2019. The order and judgment dismissed the amended petition-complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by reinstating the amended petition-complaint to the extent that it seeks a declaration and granting judgment in favor of respondents-defendants as follows:
It is ADJUDGED and DECLARED that Election Law § 7-104 (4) has not been shown to be unconstitutional,
and as modified the order and judgment is affirmed without costs.
Memorandum: Petitioners-plaintiffs (plaintiffs) commenced this special proceeding and [*2]declaratory judgment action seeking, as relevant here, a declaration that Election Law § 7-104 (4) is unconstitutional. Petitioner-plaintiff John Ryan McMahon II is the nominee for Onondaga County Executive of petitioner-plaintiff Upstate Jobs Party (UJP), an independent body under the Election Law (see
§ 1-104 [12]), as well as the nominee for that office of four political parties (see § 1-104 [3]). Pursuant to section 7-104 (4) (c), McMahon will not appear on the ballot on a separate UJP line, and his UJP nomination will instead be reflected on his Independence Party line. Plaintiffs appeal from an order and judgment dismissing the amended petition-complaint (complaint), contending that the requirements of section 7-104 (4) infringe on their rights of free speech, free association, and equal protection.
We reject plaintiffs' challenges to the constitutionality of the statute inasmuch as any alleged burdens on plaintiffs' rights are outweighed by the state's interest in avoiding voter confusion and
" preventing the major party candidates from pre-empting the whole ballot through the device of setting up independent political
bodies' " (Matter of Cahill v Kellner, 121 AD3d 1160, 1164 [3d Dept 2014], quoting Matter of Battista v Power, 16 NY2d 198, 201 [1965]; see Gonsalves v New York State Bd. of Elections, 974 F Supp 2d 191, 198-202 [ED NY 2013]; Dillon v New York State Bd. of Elections, 2005 WL 2847465, *6-8 [ED NY 2005]; see generally Timmons v Twin Cities Area New Party, 520 US 351, 358-363 [1997]). We note that, although plaintiffs' challenges to the statute are based in part on the state constitution, they "have cited no authority to support any contention that the state constitution affords greater protection than the federal constitution in these matters" (Matter of Max v Ward, 107 AD3d 1597, 1601 [4th Dept 2013]). Inasmuch as plaintiffs sought declaratory relief, however, Supreme Court erred in dismissing the complaint without issuing a declaration in favor of respondents-defendants, and we modify the order and judgment accordingly (see id.; see generally Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954 [1989]).
Entered: September 23, 2019
Mark W. Bennett
Clerk of the Court