Matter of Klein v New York State Joint Commn. on Pub. Ethics (2023 NY Slip Op 01216)

Matter of Klein v New York State Joint Commn. on Pub. Ethics

2023 NY Slip Op 01216

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

534398
[*1]In the Matter of Jeffrey Klein, Appellant,
v
New York State Joint Commission on Public Ethics, Respondent.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Abrams Fensterman, LLP, White Plains (Daniel S. Alter of counsel) and Yankwitt, LLP, White Plains (Michael H. Reed of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Aarons, J.
(1) Appeal from a judgment of the Supreme Court (Richard J. McNally Jr., J.), entered October 13, 2021 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, prohibit respondent from proceeding to a hearing on allegations against petitioner, and (2) motion to dismiss the appeal and vacate the judgment as moot.
Respondent commenced an investigation as to whether petitioner, a former state senator, violated Public Officers Law § 74. A Hearing Officer rejected petitioner's procedural objections but nonetheless recommended dismissing the matter on the basis that Public Officers Law § 74 did not apply to the alleged misconduct at issue. Respondent agreed with the Hearing Officer only to the extent of rejecting petitioner's procedural objections. Respondent otherwise found that the alleged misconduct fell within the ambit of Public Officers Law § 74 and remitted the matter for a fact-finding hearing. Petitioner commenced this combined CPLR article 78 proceeding and action for declaratory relief seeking, as relevant here, a writ of prohibition barring respondent from continuing with the administrative process. In an October 2021 judgment, Supreme Court dismissed the petition. Petitioner appeals.
As an initial matter, after petitioner perfected this appeal, Executive Law § 94 was repealed and replaced in July 2022 as part of the Ethics Commission Reform Act of 2022 (see Executive Law § 94, as amended by L 2022, ch 56, part QQ). With this, respondent ceased to exist and the Commission on Ethics and Lobbying in Government (hereinafter CELG) was created. In response to the request that CELG be substituted as the respondent in this appeal, petitioner contends that the appeal has been rendered moot because respondent no longer exists and no statutory basis exists for CELG to continue prosecuting any pending investigations by respondent. To that end, petitioner asks that the appeal be dismissed and that the October 2021 judgment be vacated.
Under the Ethics Commission Reform Act of 2022, "[CELG] shall review any pending inquiries or matters . . . and shall establish policies to address them" (Executive Law § 94 [1] [c]). CELG passed a resolution stating that any matter or inquiry that was pending before respondent when the Ethics Commission Reform Act of 2022 was enacted would be continued and handled by CELG (see Commission on Ethics and Lobbying in Government Resolution 22-02). The foregoing thus provides a basis for CELG to defend against petitioner's appeal (see CPLR 1018), and a live controversy still exists. Because the appeal has not been rendered moot due to the abolishment of respondent, dismissal of the appeal and vacatur of the October 2021 judgment are not warranted.[FN1]
As to the merits, the remedy of a writ of prohibition is "an extraordinary remedy that lies only where there is a clear legal right to such relief, and only when [*2]the body or officer involved acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of Town of Brunswick v County of Rensselaer, 152 AD3d 1108, 1111 [3d Dept 2017] [internal quotation marks and citations omitted]; see Matter of Raheem v New York State Bd. of Parole, 66 AD3d 1270, 1271 [3d Dept 2009], lv denied 14 NY3d 702 [2010]). That said, the "[u]se of the writ is, and must be, restricted so as to prevent incessant interruption of pending judicial [or administrative] proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings" (Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]; see Matter of New York State Health Facilities Assn., Inc. v Sheehan, 100 AD3d 1086, 1087 [3d Dept 2012], lv denied 21 NY3d 853 [2013]). Indeed, "[t]he writ is generally not available to correct common procedural or substantive errors" (Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786 [1993]).
Petitioner contends that respondent failed to comply with certain deadlines or, alternatively, that the alleged conduct at issue did not fall within the scope of Public Officers Law § 74. These arguments were advanced before the Hearing Officer and ultimately rejected by respondent. Although petitioner frames the issue as respondent having acted without jurisdiction or in excess of its authority, petitioner essentially seeks "collateral review of adverse determinations made during the course of [the underlying] proceedings" (Matter of Rush v Mordue, 68 NY2d at 353; see Matter of Doe v Axelrod, 71 NY2d 484, 490 [1988]). In such circumstance, a writ of prohibition does not lie. Additionally, because this is not one of those rare instances where granting a writ of prohibition "would provide a more complete and efficacious remedy than the administrative proceeding and resulting judicial review" (Matter of Chasm Hydro, Inc. v New York State Dept. of Envtl. Conservation, 14 NY3d 27, 31 [2010] [internal quotation marks and citation omitted]), the petition was correctly dismissed.
Finally, even if prohibition was an available remedy, there is no indication that petitioner has suffered any irreparable harm and petitioner, if necessary, may still seek recourse by way of a CPLR article 78 proceeding once the administrative process has been exhausted (see Matter of City of Newburgh v Public Empl. Relations Bd. of State of N.Y., 63 NY2d 793, 795-796 [1984]; Matter of Schmitt v Skovira, 53 AD3d 918, 921-922 [3d Dept 2008]; Matter of Law Offs. of Andrew F. Capoccia v Spitzer, 270 AD2d 643, 645 [3d Dept 2000], lv denied 95 NY2d 755 [2000]; Matter of Ashe v Enlarged City School Dist. of Troy, 233 AD2d 571, 573-574 [3d Dept 1996]). As such, the remedy of prohibition is not warranted. Petitioner's remaining assertions have been considered and are unavailing[*3].
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.
ORDERED that the motion is denied, without costs.

Footnotes

Footnote 1: For these reasons, petitioner's motion, which raised similar grounds and sought the same relief, is denied.