Matter of Winkler v New York State Educ. Dept. Off. of Professional Discipline (2025 NY Slip Op 02982)

Matter of Winkler v New York State Educ. Dept. Off. of Professional Discipline

2025 NY Slip Op 02982

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CV-24-0857
[*1]In the Matter of Maura Winkler et al., Appellants,
v
New York State Education Department Office of Professional Discipline et al., Respondents.

Calendar Date:March 24, 2025

Before:Garry, P.J., Clark, Lynch, Fisher and Powers, JJ.

Rupp Pfalzgraf LLC, Buffalo (Marc A. Romanowski of counsel), for appellants.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Kimberly O'Connor, J.), entered April 14, 2024 in Albany County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
In July 2023, respondent Office of Professional Discipline (hereinafter OPD) of respondent State Education Department served two notices of hearing with accompanying statements of charges of professional misconduct on petitioner Maura Winkler, a licensee in New York in the profession of midwifery, and petitioner Fika Midwifery PLLC, a midwifery service provider where Winkler is an owner and director. Such charges were in connection with several instances of alleged negligent and neglectful care for a total of six patients, including neonates. In November 2023, while hearings were still ongoing, petitioners commenced this CPLR article 78 proceeding seeking a writ of prohibition preventing OPD from continuing with the disciplinary proceedings against them. Specifically, petitioners contended that OPD did not have jurisdiction over them because, among other things, the disciplinary proceedings were time-barred under the CPLR and/or the doctrine of laches, and that respondents failed to comply with the mandates of the Education Law relating to the composition of the State Board of Midwifery (hereinafter the Board) (see Education Law § 6954 [2]) and the Board-member consultation requirement before commencing disciplinary proceedings (see Education Law § 6510 [1] [b]). Respondents moved to dismiss the petition on the grounds of ripeness and failure to exhaust administrative remedies. Supreme Court granted the motion and dismissed the petition. Petitioners appeal.[FN1]
We affirm. Relief in the form of "a writ of prohibition is extraordinary relief and should be issued only when a clear legal right of a petitioner is threatened by a body or officer acting in a judicial or quasi-judicial capacity without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of Clegg v Rounds, 222 AD3d 112, 117 [3d Dept 2023] [internal quotation marks and citations omitted]; see CPLR 7803 [2]). However, a writ of prohibition cannot be used to seek collateral review of adverse determinations made during the course of administrative proceedings which have not been concluded, particularly to correct common procedural or substantive errors for which there remains an adequate remedy at law in the form of a CPLR article 78 proceeding or on direct appeal (see Matter of Klein v New York State Joint Commn. on Pub. Ethics, 214 AD3d 1096, 1098 [3d Dept 2023]; Matter of Davis v Nichols, 173 AD3d 1385, 1387 [3d Dept 2019]; Matter of Newfield Cent. School Dist. v New York State Div. of Human Rights, 66 AD3d 1314, 1315 [3d Dept 2009]; see also CPLR 7801 [1]; Matter of Rush v Mordue, 68 NY2d [*2]348, 354 [1986]). The determination whether to issue "a writ of prohibition is committed to the sound discretion of the reviewing court" (Matter of Canning v Revoir, 220 AD3d 16, 19 [3d Dept 2023]).
Here, relating to "the alleged delays in the investigation and the bringing of disciplinary charges against petitioner[s], there is no statute of limitations and the doctrine of laches does not apply to [professional] disciplinary proceedings" (Matter of St. Hill v New York State Bd. for Professional Med. Conduct, 166 AD3d 1092, 1093-1094 [3d Dept 2018] [internal quotation marks, brackets and citation omitted]; see Matter of Brownell v New York State Justice Ctr. for the Protection of People With Special Needs, 212 AD3d 998, 1001-1002 [3d Dept 2023]). Since the Education Law sets forth a minimum number of members to satisfy a quorum for the transaction of business on behalf of the Board (see Education Law § 6508 [6]), and prescribes a specific composition of members from the Board to serve on a hearing panel for a disciplinary proceeding (see Education Law § 6510 [3] [b]) — neither point of which is refuted — petitioners' contention that respondents are without jurisdiction or authority because the total composition of the Board fails to comply with the requirements of Education Law § 6954 due to numerous and long-standing vacancies is without merit (see Matter of Wolkoff v Chassin, 89 NY2d 250, 254-255 [1996]; Matter of Save the Pine Bush, Inc. v Town of Guilderland, 205 AD3d 1120, 1126-1127 [3d Dept 2022]). Similarly, petitioners' claim that respondents "never indicated" that they consulted with a professional member of the Board before commencing disciplinary proceedings is belied by the record (see Education Law § 6510 [1] [b]), and is otherwise a more proper challenge on a developed record after the conclusion of the hearing process and within the context of a CPLR article 78 proceeding (see CPLR 7803 [3]; Matter of Newfield Cent. School Dist. v New York State Div. of Human Rights, 66 AD3d at 1316). Accordingly, inasmuch as it is undisputed that respondents are otherwise authorized by statute to conduct an investigation and hold these disciplinary proceedings (see Education Law §§ 6506 [8]; 6507 [4] [h]; 6508 [3]; 6510), Supreme Court correctly determined that the extraordinary remedy of a writ of prohibition is not warranted (see Peterec-Tolino v Schick, 236 AD3d 1130, 1131-1132 [3d Dept 2025]; Matter of Clegg v Rounds, 222 AD3d at 118; Matter of Klein v New York State Joint Commn. on Pub. Ethics, 214 AD3d at 1098). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Garry, P.J., Clark, Lynch and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Supreme Court also denied petitioners' motion for a preliminary injunction. Petitioners did not challenge the denial of this motion on appeal, but rather moved before this Court for an order to show cause seeking a stay of the forthcoming disciplinary hearings pending determination of this appeal. Such motion was denied (2024 NY Slip Op 81148[U] [3d Dept 2024]).